## DOBSON, ET AL. v. DICKSON, USE, &c.

1. Where the clerk of the Court, in entering judgment, commits an error by confounding two suits, it may be amended *nunc pro tunc.*
2. Upon *certiorari,* judgment may be entered against a party to the original judgment, who did not join in the bond to obtain the writ of *certiorari.*

Error to the Circuit Court of Randolph.

THIS proceeding was commenced before a justice of the peace, by the defendant in error, and was carried by *certiorari* to the Circuit Court of Randolph, on the petition of the plaintiffs in error.

From the record of the judgment, certified by the justice, it appears that a judgment was rendered by him, for the defendant, against the plaintiff in error, for $49 62 1-2, besides costs.

A statement of the cause of action being filed, at the spring term, 1842, the following entry was made:

Charles A. Dickson, for the use of ⎫
    Ransom Kitchens,        ⎪
          vs.            ⎬ Spring Term, 1842.
John Dobson, Matthew Dunklin, ⎭

This day came the plaintiff, by his attorney, and the death of Ransom Kitchens, the usee, being suggested, and Louisa Kitchens and Benjamin Kitchens, adm'r of Ransom Kitchens, being made parties, by motion to the Court, and the defendants being solemnly called, came not, but made default. It is therefore considered by the Court, that the plaintiff recover of the defendant, the sum of one hundred and eighteen dollars damages, &c. &c.

At the fall term, 1843, the following entry appears:

Charles A. Dickson, for the use of Joseph Edge, ⎫   This day
             vs.             ⎬ came the par-
John Dobson, Matthew Dunkin, Croft Clark. ⎭ ties by their

attorneys, and it appearing to the satisfaction of the Court, by legal and proper evidence, that the judgment entry in this case, made at the spring term, 1842, of this Court, is incorrect, being

in favor of the wrong usee, and for an incorrect amount, on plaintiff's application, leave is given to make a correct entry of the judgment, *nunc pro tunc.* Here follows the entry of judgment for $54 91.

The assignments of error are, the amendment of the judgment and the rendition of judgment against Dobson, who did not join in the *certiorari.*

S. F. RICE and T. D. CLARKE, for plaintiff.

ORMOND, J.—We cannot perceive, from any thing in the record, that the amendment was not fully authorized. It is evident from the record, that the clerk, in entering up the judgment, had connected this with another case, and thus produced the confusion that ensued. The parties appeared when the amendment was made, and if there was no sufficient evidence by which to amend the record, it should haye been shown by bill of exceptions.

The judgment was properly entered against all the parties to the original judgment, before the justice of the peace, although one of them did not unite in the bond for the *certiorari.*

Let the judgment be affirmed.