# DUMAS vs. HUNTER.

[MOTION TO DISMISS APPEAL.]

1. *Amendment of judgment nunc pro tunc.*—In an appeal case from a justice's court, the judgment may be amended at a subsequent term, *nunc pro tunc*, by vacating it as against a party against whom it was improperly rendered as the surety on the *certiorari* bond.

2. *Sufficiency of appeal bond.*—When an appeal is taken from a judgment which was amended, *nunc pro tunc*, at a term subsequent to its rendition, the appeal bond should describe the judgment as corrected by the amendment, but as having been rendered at the former term; but it is not necessary that the character of the action should be mentioned.

Dumas v. Hunter.

APPEAL from the Circuit Court of Fayette.
Tried before the Hon. E. W. PETTUS.

THIS was an action of unlawful detainer.—See the report of it, on page 75, *supra*. A trial was had at the spring term, 1855, when the plaintiff was compelled to take a nonsuit; judgment for costs being rendered against him, and James M. Cochran and E. M. Dumas, as his sureties on the appeal bond. At the next term, an amended judgment was rendered, *nunc pro tunc*, in these words:

"This motion coming on to be heard, and it appearing to the satisfaction of the court, from an inspection of the papers, that E. M. Dumas was not the surety of Winchester Dumas on the *certiorari* bond from the judgment of the justice of the peace, and that a judgment should not have been rendered against him at the last term of this court, but that said judgment is a clerical mistake, it is therefore considered by the court, that said judgment be amended, *nunc pro tunc*, so that the same shall be vacated as to said E. M. Dumas, and remain valid only against said Winchester Dumas and James M. Cochran, his surety on the said *certiorari* bond; and this judgment shall be in force against said Cochran for the sum of thirty-six dollars, the amount of said bond."

The appeal bond describes the judgment as having been rendered at the spring term, 1855, against Winchester Dumas and James M. Cochran, in a suit of unlawful detainer. A motion to dismiss the appeal is now submitted, predicated on the insufficiency of the bond.

E. W. PECK, for the motion.
J. M. VANHOOSE, *contra*.

STONE, J.—The judgment entered in this case in the court below, at the spring term, 1855, being defective in consequence of clerical errors, was amended at the next term of the court, *nunc pro tunc*, and made to express the true judgment of the court. The amendment was clearly

allowable.—Dobson v. Dickson, 8 Ala. 252; Hood v. Branch Bank, 9 Ala. 335; Rains v. Ware, 10 Ala. 623.

If we take the judgment entry of the spring term, as it was amended at the fall term, a substantial harmony will be discovered between it, the appeal bond, and the certificate of appeal. In fact, we do not understand the counsel who makes this motion as contending that there would be any material misdescription, if the original judgment of the spring term had been, in substance, what it was made to assume by the amendment at the fall term. The argument is, that as the judgment of the spring term is the one from which the appeal was taken, the entry of that term should have been described in the appeal bond; and that not being the case, the discrepancy is fatal.

The argument entirely misapprehends the effect of a judgment *nunc pro tunc*. It is not the rendering of a new judgment, but only placing in proper form on the record the judgment that had been previously rendered. Hence, for many purposes, such judgments are made to relate to, and take effect from, the time when the judgment was erroneously entered. It ascertains and determines no new rights; and in this case, we think, it was properly described as of the term when it should have been rendered.—Clemens v. Judson, Minor, 395; Thompson v. Miller, 2 Stew. 470; Brown v. Bartlett, 2 Ala. 29.

There is nothing in the argument based on the fact that some of the proceedings describe the case as a suit for unlawful detainer, and others as an appeal. Both are correct; and we are convinced that neither the judgment entry, the appeal bond, nor the certificate, need make any mention of the form of action, to give them validity. Satterwhite v. The State, 28 Ala. 65.

The parties who took this appeal are defendants to one and the same judgment. The fact that they are liable in unequal sums cannot sever the judgment, and render two appeals necessary.

Motion refused.