## SUMMERSETT *vs.* SUMMERSETT'S ADM'R.

[SALE OF DECEDENT'S LANDS FOR EQUITABLE DIVISION.]

1. *Amendment of order of sale, nunc pro tunc.*—An order for the sale of a decedent's lands for equitable division among the heirs, like any other judgment or decree, can only be amended at a subsequent term, *nunc pro tunc,* when the amendment is authorized by some matter of record, or *quasi* of record.

2. *Notice to heirs.*—To sustain an order for the sale of a decedent's lands for equitable division, the record must affirmatively show that the resident heirs, of full age, had the statutory notice, (Code, § 1869,) or that they appeared.

3. *Void order vacated at subsequent term.*—A void order of sale may be vacated by the probate court, on application, at a subsequent term.

APPEAL from the Probate Court of Pike.

IN the matter of the estate of Elizabeth Summersett, deceased, on the application of Alexander Summersett, the administrator, for an order to sell the lands for the purpose of making an equitable division among the heirs. The petition seems to have been filed on the 14th November, 1865, and the first Monday in January then next to have been set for the hearing; but the only evidence of these facts is contained in the following words, which are copied in the transcript immediately after the petition: "Filed in office 14th day of November, 1865. First Monday in January, 1866, set for hearing. Post notices." The bill of exceptions states, that on the first Monday in January, 1866, "an order was entered on the minutes of said

court, in the following words: 'Estate of Elizabeth Summersett, deceased. Day to hear application to sell lands of deceased for distribution. Granted upon testimony of J. W. Borum and Daniel Rowe; and order to sell on a credit of twelve months, with approved securities, interest from date, on Wednesday, the 31st inst., on premises of decedent. Notice by posting notices at the courthouse-door, and three other public places.'" The sale was made on the appointed day, and the administrator himself became the purchaser. The sale having been reported to the court, "the administrator moved the court, on the hearing of the application to confirm the sale, to amend 'the order of sale *nunc pro tunc*, by adding the words, '*and one hundred dollars cash*', after the words 'on a credit of twelve months'; it being the understanding with the judge and the administrator, on granting the order of sale, that one hundred dollars'in cash would be required; which motion the court granted, and the contesting heirs excepted." The contesting heirs objected also to the confirmation of the sale, and moved to vacate and set it aside; and their objection and motion being overruled, they excepted. The record nowhere shows notice to the heirs, whose names are stated in the petition; though it recites that "some of the heirs appeared by attorney", and that a guardian *ad litem* was appointed for the infants. Nor does the record show that any appeal was taken, except by inference from an acknowledgment by sureties for the costs of the appeal. The order of sale, the subsequent amendment of the order *nunc pro tunc*, the order confirming the sale, "and all the errors and defects which appear on the face of the record", are now assigned as error.

B. GARDNER, for appellants.
E. L. McINTYRE, *contra*.

JUDGE, J.—1. The probate court transcended its authority in allowing the amendment of the order of sale, as is shown by the bill of exceptions. A record can only be amended, *nunc pro tunc*, by some matter of record, or mat-

·ter *quasi* of record.—Shepherd's Digest, 396, § 32; · *Harris v. Martin*, 39 Ala. 556.

2. The judge of probate, after appointing a day for the hearing of an application to sell lands, is required to issue a citation to the heirs or devisees, of full age, residing in this State, notifying them of the application, and of the day appointed for hearing the same; which citation must be served on such heirs or devisees ten days before the day appointed for the hearing.—Code, § 1869. In this case, it does not appear that the heirs of full age, residing in this State, received the notice required by the section of the Code above cited, nor that they were present at the hearing, either in person or by attorney. The order of sale recites, that proof was made that all the heirs "had notice strictly and in all respects in accordance with the order of the court made and entered in the proceeding, on the 14th of November, 1865." But the only semblance of an order in the decree of that date, so far as the record discloses, is the following: "Filed in office, 14th day of November, 1865. First Monday in January, 1866, set for hearing. Post notices." It therefore results that the order of sale is, of itself, a nullity.—Acts 1853–4, p. 55.

3. Reversing for the error first above mentioned, it will be in the power of the probate court, to vacate on application the void order of sale, so that the parties may commence *de novo*, if a sale of the land be necessary.

This view of the case renders it unnecessary to consider any of the other questions presented by the record. Let the order confirming the sale be reversed, and the cause remanded.