# Seawell, Adm'r, *et al. v.* Buckley's Distributees.

## *Final Settlement of Administration.*

1. *Judgment or decree ; power to vacate.*—After the expiration of the term, the court rendering a judgment or decree has no authority to annul or vacate it, unless it is void in its face, or one of the parties to it was dead at the time of its rendition.

2. *Surety of administrator ; when concluded by decree on settlement of administration of his principal.*—A decree of the probate court, in favor of an administrator *de bonis non*, who was surety of the administrator in chief, rendered on a settlement of the administration of the first intestate's estate, had between the administrator *de bonis non* and the personal representative of administrator in chief, who had died without making any settlement,—is conclusive, in the absence of fraud, upon the administrator *de bonis non*, creditors and distributees, as to the liability of the administrator in chief, and conclusive also on the surety, he being an actor and party to the proceeding ; and the right to demand, and the duty to pay, co-existing in him, the law presumes, as regards creditors and distributees, that the decree has been paid ; and, at their instance, he is properly charged with the amount of the decree, on his final settlement of the administration.

APPEAL from Probate Court of Mobile.

This was an appeal by the appellant, W. B. Seawell, from a decree rendered on final settlement of his administration of the estate of Horace B. Buckley, deceased.

Horace Buckley died in 1864, and letters of administration were granted by the probate court of Mobile to W. W. Buckley. Said W. W. having died without making settlement, Joseph J. T. Wilson succeeded him in the administration, Seawell becoming one of his sureties. In 1867, Wilson died, without having made a settlement, and Seawell was appointed administrator, *de bonis non*, of said Horace's estate. That

[Seawell, Adm'r, et al. v. Buckley's Distributees.]

year, at the instance of Seawell, the probate court cited Mc-Guire, as administrator of said W. W., and Anna A. Wilson, as administratrix of said Joseph J. T., to make settlement of their intestates' administration of the estate of said Horace B. As no question arises upon the settlement made by Mc-Guire, further reference to it is unnecessary.

Anna A. Wilson, as administratrix of said Joseph J. T., filed her account and vouchers on the 27th day of June, 1867, for a final settlement of her intestate's administration upon the estate of said Horace B. The court, thereupon, set the 20th day of July, 1867, for the settlement, and ordered publication, etc., strictly in compliance with the statute; and on the appointed day, no objections being made to the accounts and vouchers, passed and allowed them, rendering a decree in favor of Seawell, in his representative capacity, against said Anna A., for the sum of $2252 89, the balance found due, and ordered execution for its collection. This decree recites the filing of the accounts and vouchers, the setting of a day for the settlement, the order for publication of notice, etc., proof of publication, etc., the appearance of both Seawell and said Anna, and seems to conform strictly, in all respects, to the statutes governing such settlements.

On the 23d day of May, 1873, the probate court made an order reciting that said Anna A. Wilson, as administratrix of said Joseph J. T. Wilson, and also said Seawell, administrator *de bonis non*, etc., appeared, and said Anna "moved the court to set aside and vacate the judgment rendered against her on the 20th day of July, 1867, on the ground that the order and judgment were void, and that the court had no jurisdiction to authorize it to make such judgment or order," and the court being satisfied, from an inspection of the record, that it had no jurisdiction, etc., "it is therefore ordered and declared by the court that said judgment and order be and the same are hereby set aside and vacated, etc."

On 24th January, 1874, appellant made his final settlement, and the court, at the instance of a distributee, charged Seawell, against his objection and exception, with the amount of the decree rendered against said Anna A., on the 20th of July, 1867, with interest up to date. This is now assigned as error.

ANDERSON & BOND, for appellants.

MCKINSTRY, contra.

JUDGE, J.—We are not informed on what ground the court of probate proceeded in vacating, at a term subse-
(37½)

quent to its rendition, the decree of the court rendered on the final settlement of the administration of J. J. T. Wilson, the predecessor of appellant as administrator of Horace B. Buckley. So far as we can discover, it was without error or irregularity, and the court had full jurisdiction of the subject matter. Wilson had died without having made a settlement of his administration. The appellant was appointed his successor in the administration, and, on the application of appellant, the administratrix of Wilson was cited to a settlement of the administration of her intestate. In obedience to the citation, she appeared, filed the accounts and vouchers of her intestate, and a day was, by the court, appointed for the settlement, of which notice was directed to be given in the mode prescribed by law. On the day appointed, the record reciting the notice had been given, the administratrix and the appellant appeared, and a final decree was rendered in favor of appellant, as administrator *de bonis non*, for the amount ascertained to be due from Wilson, a large part of which was then paid to appellant, satisfaction entered *pro tanto*, and execution awarded for the remainder. The statutes confer on the court of probate full jurisdiction to compel the personal representative of a deceased administrator to a settlement of his administration, and authorize the rendition of a decree on such settlement in favor of the succeeding administrator.—R. C. §§ 2165-68, 2232-38. In the settlement made, there seems a compliance with the requisitions of the statutes, and we cannot regard the subsequent action of the court of probate, in vacating the decree then rendered, as material in ascertaining the rights of the appellees, and the liability of the appellant. The settlement and decree were made on the 20th of July, 1867, and remained until the 23d May, 1873, a period of near six years, in full force. Then the administratrix and the appellant appear in court, and the administratrix moves the court to vacate the decree, not assigning any special cause, but only generally that it was null and void, because the court had not jurisdiction. The appellant makes no objection, and the motion is granted, the decree pronounced null and void, and vacated. The court had not jurisdiction to render this judgment, unless the decree was assailed as void on its face, or because of the death of one or the other party, at the time of its rendition.—*Johnson v. Johnson*, 40 Ala. 247; *Pratt & McKenzie v. Keils*, 28 Ala. 390; *Summersett v. Summersett*, 40 Ala. 596. It was the duty of appellant to resist the vacation of the judgment, and we cannot resist the conviction, if he had diligently resisted it, that it would not have been rendered, or, if rendered, that it would have been

[Seawell, Adm'r, et al. v. Buckley's Distributees.]

reversed on appeal. He alone could have prosecuted an appeal. The judgment vacated was in his favor, in his representative capacity, and he was the only adversary party to the motion for its vacation. Disregarding, as we feel bound to do, the judgment of vacation, it is too clear for argument the decree is evidence against the appellant that the balance found by it was due from Wilson, the former administrator.

The appellant was the surety on the bond of Wilson, liable for his defaults. Whatever balance was due from Wilson, when legally ascertained, became a debt due from appellant. That balance having been legally ascertained, in a judicial proceeding to which appellant was a party, he became as liable for it as he would have been for a promissory note, or bond, executed by him to the intestate. He alone had the right to sue for, and to receive satisfaction of the decree of the court of probate. It was rendered, and properly rendered, in his favor. As surety of Wilson, he became liable to pay it, on its rendition. The right to demand, and the obligation to pay, co-existing in him, as to his *cestuis que trust*, those for whom he is bound to exercise the right to demand, and for whom he is bound to discharge the obligation to pay, the debt was extinguished. A presumption of its payment arises, because that was the duty resting on the appellant.—*Ragland v. Calhoun*, 36 Ala. 606. Suit against him to recover whatever balance was due from Wilson, was impossible, after the rendition of the decree. That decree was conclusive of the extent of Wilson's liabilities, in the absence of fraud and collusion; conclusive on the creditors and distributees of the common intestate of Wilson and the appellant, because rendered in a proceeding to which appellant, their representative and trustee was a party. If they had sought any remedy, legal or equitable, against the personal representative of Wilson, or against appellant as surety on the administration bond of Wilson, not founded on the decree, they could have pleaded the decree in bar, as a debtor to the intestate could plead in bar a judgment against him in favor of the personal representative. Whatever remedy was pursued against Wilson's administrator after the decree, must have been founded on it, because it was conclusive of Wilson's liability. It is conclusive on appellant, not because he is surety of Wilson, and as a decree rendered on a settlement made by Wilson in his life would have been, because it was an act done in the regular course of administration, within the condition of his bond, but because he is a party to it, and the actor procuring it. This fact distinguishes the case from *Jenkins v. Gray*, 26 Ala. 100; *Gray v. Jenkins*, 24 Ala. 516; to which we are referred, holding the sureties of

[Taylor et als. v. Harwell, et als.]

a deceased executor or administrator cannot be charged, because of a decree rendered on a settlement of the administration by his personal representative.    As to the sureties in those cases, the settlement and decree was *res inter alios acta;* they were not parties or privies to it.    The appellant was a party to the settlement and decree in the court of probate, and bound by it.

The settlement and decree ascertained a debt, part of the assets the appellant was charged with the duty of administering.    It was a debt he was bound to pay, and he was properly charged with it, by the decree of the court, on his final settlement.—*Ragland v. Calhoun,* 36 Ala. 606; *Purdon v. Tipton,* 9 Ala. 914.

There is no error in the record, and the judgment must be affirmed.