# Lilly *v.* Larkin.

*Application for Completion of Minute-Entries in Probate Court, in matter of Annual Settlement of Administrator's Accounts.*

1. *Amendment and substitution of records; admissibility of parol evidence.*—In the matter of amending records, *nunc pro tunc,* this court has always followed the English rule, which excludes parol evidence, and allows such amendments to be made only on record evidence, or *quasi* record evidence ; but, on appli-

cations to substitute records which have been lost or destroyed, parol evidence is admissible.

2. *Completing imperfect minute-entries in Probate Court; admissibility of parol evidence.*—The statute which declares that "judges of probate have authority to complete the minute-entries and decrees in causes in their courts, when the same are incomplete on account of their failure to make the necessary entries at the time when they should have been made" (Code, § 702), is simply declaratory of an inherent power possessed by all courts of record at common law ; and the statute not prescribing the kind or character of evidence which shall be received, the English rule must prevail, which excludes parol evidence.

APPEAL from the Probate Court of Jackson.

This was a petition, as the bill of exceptions states, " by W. R. Larkin and John V. Gross, to complete a minute-entry and decree of an annual settlement of their administration of the estate of Edward H. Dillard, deceased, alleged to have been made on the 15th July, 1861." The petition was filed on the 21st December, 1876, and was verified by affidavit ; and notice having been given to the heirs and distributees of said Dillard's estate, they appeared, and filed a joint and several answer, denying " that said petitioners, as administrators, ever made an annual settlement of said estate, or of their administration thereof, in said Probate Court, on the 15th July, 1861, or at any other time prior to the year 1866 ; and they deny that there is any record of said Probate Court, in relation to any annual settlement of said estate, or of said petitioners as administrators thereof, had or made on the 15th July, 1861, or on any other day prior to the year 1866." The cause was heard on the 14th May, 1877, the same day on which the other case between the same parties (*ante*, p. 110) was heard ; and on the hearing a bill of exceptions was reserved by the defendants (or respondents), which states the facts as to the evidence adduced—that is, the records of the court showing the entries made in the matter of the administrators' account ; the indorsement on Larkin's note in the handwriting of Nelson Robinson, deceased ; the testimony of John H. Norwood, the petitioners themselves, and W. B. Bridges—with the several objections made, and exceptions reserved by the defendants, substantially (and almost literally) as in the former case, to which reference is made for a full statement of these matters. The bill of exceptions contains, also, the following additional statements :

" The petitioners introduced William H. Norwood as a witness, who was clerk of said court from 1859 to 1863, and who was shown the paper marked ' *Exhibit B* ' to the petition in this case, and testified that it conformed to the practice in said court at that date ; that it was the practice in said court, on annual settlements, to appoint a guardian *ad litem* for minor distributees, and was usual and customary to appoint the clerk of the Circuit Court, who kept his office near by ;

that he thought L. H. Brewer was the clerk of the Circuit Court at that time; that he did not remember that said Brewer was so appointed upon the occasion referred to, but it was the usual course to appoint the incumbent of said office; that no fees were then attached to the office of guardian *ad litem*, and the clerk was appointed for convenience."

There is no "*Exhibit B*" attached to the petition, as copied in the transcript, in either case. "*Exhibit A*" purports to be an account-current between the administrators and the estate, "on an annual settlement with the Probate Court of Jackson county, *had and held on the 15th day of July, 1861*," showing $19,748.95 as the aggregate amount of debits, and $19.627.46 as the aggregate amount of credits, leaving a balance of $121.49 due from the administrators to the estate; but, in arriving at this result, the last-item on the debit side of the account is thus entered: "July 15, 1861. Received other assets of the estate from various sources, the particulars of which the administrators can not now set forth, $670.79." Attached to this account-current, as a part of the exhibit, is an affidavit purporting to have been made by said John V. Gross before John H. Norwood, as probate judge, but without date, as to the correctness of the account, the names, ages, &c., of the heirs. and distributees, and denying that the administrators had used the funds of the estate for their private purposes; also, what purports to be an indorsement signed by John H. Norwood, as probate judge, stating that said account was "audited, passed and allowed, as an annual or partial settlement of said estate, held on the 15th day of July, 1861, and ordered to be recorded as such this 15th July, 1861"; and then follows an affidavit made and signed by both of the petitioners, on the 14th May, 1877, before the probate judge, to the effect "that the within and foregoing account-current with the estate of Edward H. Dillard, deceased, is a substantial copy of the account-current between them as the administrators of said estate, had and held in the said Probate Court of Jackson county on the 15th July, 1861, and which was audited, passed and allowed in said court on that day, as and for an annual or partial settlement of said decedent's estate; that after charging said administrators, then and there, with all the assets they were chargeable with, and giving them credit with all the matters and things wherewith they were entitled to be credited, all of which was supported by proper vouchers, there remained in their hands the sum of $121.49 due from them to said estate, and it was so ascertained and adjudged by said court; that the record of said settlement has been lost and destroyed by the casualties of war, and it is now impossible to state more

minutely and succinctly the matters of said settlement, or its varied items; but that this paper contains the same in substance, as they verily believe." "*Exhibit C*," which is next copied in the transcript, is the note of said Larkins, with the indorsement thereon in the handwriting of Nelson Robinson, above referred to.

"The petitioners proved by J. Gregory, that said L. H. Brewer was the clerk of said Circuit Court during all the year 1861; and they introduced L. C. Coulson as a witness, who was a practicing attorney in Jackson county in 1861, and who testified that he was familiar with the practice in said Probate Court; that it was customary, and the usual practice in said court, on annual or final settlements of decedents' estates, when there were minor distributees, to appoint a guardian *ad litem* to defend for them, and it was most usual to appoint the clerk of the Circuit Court; that the appointments of said clerk were made from convenience, as his office was near by; that L. H. Brewer was circuit clerk before and during the year 1861; and that he remembered there was made, in the year 1861, some kind of an annual or partial settlement of said Dillard's estate by said administrators, but that he did not remember the character or date. The defendants then offered in evidence the record of the minutes of said court," from April to August, 1861, showing no gap or break in the entries, and containing no entry in relation to said estate, except as above stated.

"This being all the evidence, the court granted the application of the petitioners," and proceeded to render a decree which, after reciting the filing of the petition, notice to the parties, and their appearance, thus proceeded: "And it further appearing that the proof submitted in support of said petition is full and complete, that the said petitioners, on the 15th day of July, 1861, had and concluded an annual settlement of said estate of Edward H. Dillard, deceased, in said court; and that said court had, by an entry made on the minutes on the 2d Monday in April, 1861, made and entered an order thereon, stating the fact that said administrators had, on said day, filed their accounts and vouchers for an annual or partial settlement of said estate, and fixing a day whereon the same should be audited: and it appearing that said matters and things were continued until the 15th day of July, 1861, and that said cause came on to be heard on that day, and that the minute-entry of said settlement on said day is incomplete, on account of the failure of the judge of said court to make the necessary entries at the time when the same should have been made: the court here now proceeds to complete the said minute-entry, as follows;" entering a

formal decree, as of the 15th July, 1881, reciting therein the filing of the accounts and vouchers, the appointment of a day for the hearing, notice to the distributees, the appointment of said Brewer as guardian for the infants, his acceptance and appearance, the auditing of the accounts, the balance as ascertained, &c.; "and it is furthermore ordered, adjudged and decreed, that said minute-entry of said settlement, as above set forth and completed, be, and the same is hereby, declared to be the complete minute-entry of said annual settlement, as valid and binding as if the same had been made at the proper time by the said court."

The defendants excepted to the decree and judgment of the court, as well as to the various rulings on evidence; and they now assign these matters as error.

CABANISS & WARD, and CLOPTON, HERBERT & CHAMBERS, for appellants.

WATTS & SONS, and ROBINSON & BROWN, *contra.*

SOMERVILLE, J.—In this State, the English rule has always been followed, in reference to making amendments *nunc pro tunc* of court records. The uniform practice has been, to allow such amendments on *ex-parte* application, without notice to the opposite party. But they can be had only on matters of record, or *quasi* of record, and parol evidence is never admissible in aid of such a motion; although a contrary and more liberal rule has been adopted in a majority of the American States.—*Summersett v. Summersett*, 40 Ala. 596; *Nabers v. Meredith*, at present term; Freeman on Judg: § 72. But the practice is well settled, to admit such evidence on applications to *substitute* records, which are proved to have been *lost* or *destroyed.*—*Adkinson v. Keel*, 25 Ala. 551; Code (1876), § 555.

Section 702 (*sub-div.* 7) of the Code authorizes judges of probate to "complete the minute-entries and decrees in causes in their courts, when the same are incomplete on account of their failure to make the necessary entries at the time when they should have been made"; and such entries are declared to be "as valid and binding, as if they had been made at the proper time." This statute is clearly declaratory only of a common-law power possessed inherently by all courts of record. It fails to designate the character of the evidence, by which such amendments are to be established. Parol evidence is not authorized, expressly or by implication, by any words of the statute. The entries authorized to be completed, are were amendments *nunc pro tunc*, such as have

VL. LXVI.

[*Johnston & Seats v. Hannah.*]

heretofore been permissible under the common-law practice ; and a sound construction compels us to 'confine the evidence admissible in such applications, to such as was admissible under the English rule. This rule admitted, as we have above stated, only record, and not parol evidence.—*Thompson v. Miller*, 2 Stew. 470.

It does not appear that the Probate Court acted on this principle, in the proceedings below. The records should have been first *substituted*, on proper application, and after notice, including all papers on file pertaining to the settlement of the estate.—*Lilly v. Larkin*, at present term. After this was done, the entry made on the books of the probate judge, dated July 15, 1861, would have been sufficient to have authorized the proposed amendment, so far as the settlement of that date was concerned.—1 Brick. Dig. p. 72, §§ 18, 27 ; *Nabers v. Meredith*, at present term.

Reversed and remanded.

BRICKELL, C. J. not sitting.