# Browder *v.* Faulkner.

*Action against Surety on Executor's Official Bond.*

1. *Amendment of judgment or decree, nunc pro tunc.*—An amendment of a judgment or decree *nunc pro tunc,* after the expiration of the term at which it was rendered, is intended to make the judgment speak the truth—to make it show what the judicial action really was; not to correct judicial errors, or to supply judicial non-action, however erroneous may be the judgment as rendered.

2. *Probate decree against executor or administrator, in favor of several distributees jointly.*—A probate decree against an executor or administrator, on final settlement of his accounts, in favor of several distributees jointly, is not a finality, and does not authorize the issue of execution; nor can it be amended at a subsequent term, *nunc pro tunc,* so as to convert it into a separate decree in favor of each for his share.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JAMES AIKEN.

This action was brought by Robert Faulkner, an infant, suing by his next friend, against W. G. Browder, as the administrator of the estate of David Browder, deceased; and was commenced on the 21st August, 1880. Said David Browder, deceased, was a surety on the official bond of James Bradford and H. J. Faulkner, as executors of the last will and testament of F. B. Faulkner, deceased, who was the plaintiff's father; which bond was dated the 17th September, 1866, and conditioned as by law required. The action was brought to recover the amount due to the plaintiff as his distributive share of his father's estate, as ascertained by a decree of the Probate Court rendered on the 27th April, 1876, on final settlement of the accounts and vouchers of said James Bradford as executor. The decree rendered on that day, as offered in evidence on the trial, or the material part of it, was in these words: "To L. L. Cochran, guardian *ad litem* for the minor heirs of said estate, to-wit, Mary J., Henry, Frank, Ida, John, and Robert Faulk-

17

ner, the court decrees the sum of $686.13, in full of their distributive share, and against said James Bradford ; for which let execution issue." The defendant objected to the admission of this decree as evidence, " because it is not a final decree as to said minor heirs, there being no decree of distribution ;" and he excepted to the overruling of his objection. The plaintiff then offered in evidence a decree rendered by said Probate Court on the 14th September, 1885, amending the former decree *nunc pro tunc*, so as to render a separate decree in favor of each of the minor distributees, for $114.35, as his distributive share of the estate; and this was the amount claimed in the present action. To the admission of this amended decree as evidence the defendant objected, because it was rendered without notice to said James Bradford ; and he excepted to the overruling of his objection. These rulings on the evidence, with other matters, are now assigned as error.

J. L. BURNETT, for the appellant, cited *Rhodes v. Turner*, 21 Ala. 210; *Hollis v. Caughman*, 22 Ala. 478 ; *Judge v. French*, 3 Stew. & P. 263 ; *Gilbreath v Manning*, 24 Ala. 419; *Welsh v. Walker*, 4 Porter, 124 ; *Merrill v. Jones*, 8 Porter, 558; *Brazeale v. Brazeale*, 9 Ala. 498.

CARDEN, MATTHEWS & DANIEL, *contra*, cited *Gunn v. Howell*, 35 Ala. 144 ; *Glass v. Glass*, 24 Ala. 468 ; *Sherry v. Priest*, 57 Ala. 410 ; *Key v. Vaughn*, 15 Ala. 497 ; *Allen v. Bradford*, 3 Ala. 281 ; *Jones v. Ritter*, 56 Ala. 270 ; *May v. Kelly*, 61 Ala. 489.

CLOPTON, J.—The power of courts to amend judgments, after the close of the term, extends to all omissions to enter the judgments pronounced by the court, and to clerical errors in the form of the entry, whether by introducing a fact which ought to appear on the record, or by striking out a statement of a fact improperly introduced, and when the record affords sufficient evidence. But, when the defect consists in the failure of the court to render the proper judgment, or arises from a want of judicial action, the record can not be corrected after the term has closed, the cause being no longer *sub judice*. The purpose of amendment is, to make the judgment conform to what the court intended it should be ; to set right the record, and make it speak the truth, so that omissions or clerical errors shall not prejudice parties litigant. The power to amend *nunc pro tunc* is not revisory in its nature, and is not intended to correct *judicial* errors. Such amendments " ought never to

[Browder v. Faulkner.]

be the means of modifying or enlarging the judgment, or the judgment record, so that it shall express something which the court did not pronounce, even although the proposed amendment embraces matter which ought clearly to have been pronounced." However erroneous, the express judgment of the court can not be corrected at a subsequent term.— *Whorley v. M. & C. R. R. Co.*, 72 Ala. 20; *Emerson v. Heard*, 81 Ala. 443 ; Freeman on Judgments, § 70. Section 702 of the Code, which authorizes judges of probate to " complete the minute-entries and decrees in causes in their courts, when the same are incomplete on account of their failure to make the necessary entries at the time they should have been made," has been held to be merely a statutory affirmation of the inherent common-law power possessed by all courts of record. It does not enlarge the power of amendment *nunc pro tunc*, and requires record evidence, or *qnasi* record.— *Lilly v. Larkin*, 66 Ala. 122.

The action is brought by one of the minor heirs of F. B. Faulkner, against the administrator of a surety on the bond of the executor, and was commenced in 1880. On the settlement of the estate, in April, 1876, the Probate Court rendered judgment against the executor, in favor of the guardian *ad litem* of six minor heirs, naming them, for the aggregate sum of $686.13. In September, 1885, on motion of the heirs, and without notice to the executor, the court amended the judgment, so as to render a separate judgment in favor of each heir, for one-sixth of the amount of the original judgment. The judgment as originally rendered, did not make distribution of the assets between the parties entitled, which is requisite to its finality. It is interlocutory in its nature, operating an ascertainment of the amount due by the executor to the six named heirs ; but its payment could not have been enforced by the process of the court.— *Hollis v. Caughman*, 22 Ala. 478 ; *Davis v. Davis*, 6 Ala. 6:1. There was a want of judicial action. By the amendment, this interlocutory judgment was converted into six separate final judgments, upon which executions could issue,—a total alteration of the express judgment of the court, without competent evidence showing that it was not the judgment which the court then pronounced, and intended to render. It may be, that had distribution been made between the heirs, and the amount due to each been ascertained, it would have been competent to amend it, by rendering a formal decree in favor of each, regarding such as a clerical error in the entry of the judgment ; but when the term had expired at which it was entered, it was beyond the competency and jurisdiction of the court to revise or

[Adams v. Thornton & Wellborn.]

reverse or annul its own judgment, because of errors of fact or law, or to modify, vary, or enlarge in any material respect a judgment which deliberately expressed the judicial action, and *entire* judicial action, at the time of its rendition. *Ex parte Robinson*, 72 Ala. 389.

The liability of the surety on the executor's bond is contingent, until the executor fails in the performance of a duty required of him by law. Without a judicial ascertainment of the default of the principal, no liability arises, and an action at law can not be maintained against the surety. The plaintiff is not entitled to a recovery against the surety, unless he shows a judgment in his favor, for his distributive share. The ascertainment of the aggregate amount due to the four heirs is insufficient.— *Gilbreath v. Manning*, 24 Ala. 418 ; *Fretwell v. McLemore*, 52 Ala. 124. The complaint alleges such judgment ; but the only evidence offered to establish it is a transcript of the motion to amend *nunc pro tunc*, and the order granting the motion. The objection of the defendant to its introduction should have been sustained.

This conclusion being fatal to the plaintiff's action, it is unnecessary to consider the other questions raised.