# Brown v. Barnes.

### Statutory Action in nature of Ejectment.

1. *Amendment of judgment nunc pro tunc.*—In a motion for a new trial, as entered on the docket, the name of the plaintiff in the case being incorrectly stated, as *Brown & Smith* instead of *B. S. Brown,* and the motion being granted and so entered; the mistake may be corrected at the next term, by judgment *nunc pro tunc,* on evidence showing that there was no case on the docket in the name of Brown & Smith against the defendant.

APPEAL from the Circuit Court of Dale.
Tried before the Hon. JESSE M. CARMICHAEL.

H. L. MARTIN, for appellant.

STONE, C. J.—Motion was made in the Circuit Court to amend *nunc pro tunc* a judgment granting a new trial. Proceedings had been had in said Circuit Court under the style of B. S. Brown *v.* Jesse Barnes, which resulted in a judgment for plaintiff. Defendant made a motion for a new trial, which was granted, and in entering up the judgment thereon, the clerk styled the case as Brown & Smith *v.* Jesse Barnes. The motion was made to amend this judgment *nunc pro tunc,* so as to show that the new trial was granted in the case of B. S. Brown *v.* Jesse Barnes. The evidence introduced showed that there was no case on the docket, at the time the motion for a new trial was made, in the name of Brown & Smith *v.* Jesse Barnes, but there was a case of B. S. Brown *v.* Jesse Barnes, and that proceedings were had therein at said term of the court. The court granted the motion to amend, and its ruling is here assigned as error by the plaintiff.

The very object of amendments *nunc pro tunc* is, that the record shall be made to speak the truth, and show and recite what the court intended it should show. The power to thus amend is confined to *clerical* errors, as distinct from *judicial;* and can well be exercised to correct all clerical errors in the entry of a judgment, whether that correction consist in introducing a fact that ought to be in the judgment, or by striking out a fact which should not appear therein.— *Whorley v. M. & C. R. R. Co.,* 72 Ala. 20; *Emerson v. Heard,* 81 Ala. 443; *Browder v. Faulkner,* 82 Ala. 257.

[Harris v. Russell.]

An amendment *nunc pro tunc* will be allowed, where the clerk, in entering judgment, commits an error by confounding two suits.—*Dobson v. Dickson*, 8 Ala. 252. A greater reason exists for the free exercise of the power, when the clerk, in entering up a judgment, introduces as party plaintiff the name of one who was never a party to the suit.

The judgment is affirmed.