(84 South. 411)

Ex parte COURSON. (5 Div. 316.)

(Court of Appeals of Alabama. Nov. 18, 1919.)

CRIMINAL LAW ⊂⇒993—AFTER ADJOURNMENT OF TERM SENTENCE CANNOT BE INCREASED BY AMENDMENT NUNC PRO TUNC.

Where a defendant in a criminal case has been fined, and an appeal has been taken to the appellate court, the trial court cannot, after the adjournment of the term, amend the judgment nunc pro tunc so as to add a sentence at hard labor.

Application by Tom M. Courson for writ of prohibition restraining the circuit court of Russell county from enforcing a certain judgment. Writ granted, and rule awarded.

Frank M. De Graffenried, of Seale, for appellant.

The judgment was void, and petitioner is without remedy, except by the writ prayed for. Acts 1915, p. 703; 61 Ala. 399; 2 Ala. App. 265, 56 South. 50; 156 Ala. 630, 46 South. 854; 129 Ala. 305, 30 South. 574; 143 Ala. 1, 39 South. 318; 157 Ala. 398, 47 South. 569; 6 Ala. App. 234, 60 South. 559; 60 Ala. 650.

J. Q. Smith, Atty. Gen., and Lamar Fields, Asst. Atty. Gen., for the State.

The action of the court was entirely regular, and its judgment valid. 189 Ala. 307, 66 South. 651; 135 Ala. 70, 33 South. 657; 162 Ala. 19, 50 South. 194; 11 Ala. App. 162, 65 South. 914; 64 Ala. 236; 58 Ala. 536; 129 Ala. 403, 29 South. 854. The act of the clerk was ministerial, and the writ here sought lies only to restrain the judicial act. 179 Ala 620, 60 South. 913; 89 Ala. 177, 8 South. 74; 66 Ala. 453; 145 Ala. 356, 40 South. 965; 174 Ala. 259, 56 South. 1021; 51 Ala. 62.

PER CURIAM. This is an application filed in behalf of Tom M. Courson to prohibit and restrain the circuit court of Russell county, Ala., and its officials from enforcing or attempting to enforce a judgment of sentence entered against the petitioner nunc pro tunc on the 4th day of July, 1919. At the October term, 1917, of the circuit court of Russell county a judgment was duly entered on the minutes of said court whereby the petitioner was required to pay a fine of $50 and costs of prosecution. From this judgment an appeal was taken to this court. Subsequent to the taking of the appeal petitioner paid the fine and costs as therein stipulated, and on the 30th day of December, 1918, dismissed his appeal. The bench notes of the judge adds to the fine and costs additional punishment of three months' hard labor, but this additional punishment was left out of the judgment of the court, and after the satisfaction of the judgment as entered, and after the appeal had been dismissed, the solicitor prosecuting for the state of Alabama, on the 5th day of April, 1919, filed a motion in the circuit court of Russell county to amend the judgment nunc pro tunc by having incorporated therein a sentence to three months' hard labor for the county. The bench notes show that the judge marked this motion granted on April 5, 1919. The minutes of the court show that the judgment on the motion was rendered July 4, 1919, after the term of the court had adjourned, and at a time when the court had no jurisdiction to render judgment.

The judgment thus entered is void, and cannot be legally enforced. De Bardeleben v. State, 77 South. 979;[1] Palmer v. State, 2 Ala. App. 265–272, 56 South. 50; Wynn et al. v. McCraney, 156 Ala. 630, 636, 637, 46 South. 854.

In the De Bardeleben Case, supra, where the state sought to avoid the bar of the statute of limitation to an indictment by introducing in evidence another indictment returned within the time, together with the bench notes made by the judge at the time of the disposition of the first indictment and an entry on the minute book of the court purporting to be an order quashing the first indictment, and hold the defendant to await the finding of another indictment to be preferred, and where the minute entry was admitted to have been made after the adjournment of the court at which the indictment was quashed and the bench notes made, this court held that the clerk was without authority to make the entry after the adjournment of the court, and that its admission in evidence was error. It is equally clear that the court has no au-

thority to render judgments after its adjournment, and a purported judgment entered by the clerk at a time when the court is not in session is void.

The petitioner is without other remedy, and hence the writ of prohibition will be granted.

Let writ of prohibition issue directed to the circuit court of Russell county, Ala., and its officials, restraining it and them from in any way undertaking to enforce the purported judgment as shown by the minutes of the court dated July 4, 1919.