(93 South. 62)

**YATES v. STATE. (8 Div. 899.)**

(Court of Appeals of Alabama. April 11, 1922.)

Criminal law ⚖️1023(9)—Appeal premature, in absence of sentence or confession of judgment.

Under Code 1907, §§ 6244, 7634, and Acts 1919, p. 86, § 7, a judgment for the state against defendant for the amount of a fine assessed by the jury would not support an appeal, in the absence of sentence or confession of judgment, and the appeal was premature.

Appeal from Morgan County Court; W. T. Lowe, Judge.

W. C. Yates was convicted of conducting a tinshop without license, and he appealed. Appeal dismissed.

The judgment, after setting out the verdict of the jury, is as follows:

"It is therefore considered and adjudged by the court that the state of Alabama, for the use of Morgan county, have and recover of the defendant the sum of $15, the fine assessed by the jury aforesaid, together with the costs of the prosecution, for which execution may issue."

Then follows the order of the court granting an appeal, suspending judgment pending appeal, and fixing bail.

Harwell G. Davis, Atty. Gen., and Lamar Fields, Asst. Atty. Gen., for the State.

The appeal should be dismissed. 41 South. 672; sections 6244, 7632, 7634, Code 1907; Acts 1919, p. 84.

BRICKEN, P. J. The judgment rendered in this case, as shown by the record, will not support an appeal. The defendant was tried and convicted for the offense of violating the revenue law; the jury assessing a fine of $15 against him.

The statute requires that, when a jury assesses a fine against a defendant, it must be paid, or there must be a confession of judgment, with good and sufficient sureties, as provided by section 7632 of the Code of 1907, or, if the fine and costs be not paid, or a judgment confessed, the defendant must

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

either be imprisoned in the county jail or, at the discretion of the court, sentenced to hard labor for the county, as provided in section 7634 of the Code. Section 6244 of the Code of 1907 provides that any person convicted of a criminal offense may appeal from the judgment of conviction.

The Supreme Court, in construing this section of the Code last referred to in Collins v. State, 148 Ala. 667, 41 South. 672,[1] said:

"The only judgment in this case is one by confession for the fine and costs. It has been many times held by this court that such a judgment will not support an appeal. Therefore the appeal must be dismissed, and such will be the order"—citing numerous cases.

The act approved February 15, 1919 (Acts 1919, page 84), provides in section 7 thereof that appeals in criminal cases must be taken at the time of sentence or the confession of judgment, or within six months thereafter. In the instant case there has never been a sentence or a confession of judgment, and therefore no appeal could be taken. The appeal is therefore premature, as there is no judgment in the lower court to give this court jurisdiction. For these reasons, the appeal must be dismissed.

Appeal dismissed.

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in the Alabama Reports.