GARDNER v. STATE. (7 Div. 876.)

(Court of Appeals of Alabama. July 26, 1923.)

Criminal law ⊜1086(13)—Appeal where record did not indicate that sentence had been pronounced held premature and dismissed.

Under Code 1907, § 2837, as amended by Acts 1915, p. 712, § 7, and as re-enacted by Acts 1919, p. 86, § 7, appeals in criminal cases must be taken at the time of sentence or confession of judgment, or within six months thereafter, and on appeal, where the record does not indicate that a sentence has been pronounced, the appeal is premature, and must be dismissed.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Burk Gardner was convicted of distilling, and appeals. Appeal dismissed.

Riddle & Riddle, of Talladega, for appellant.

Counsel discuss the rulings assigned for error, but in view of the decision it is unnecessary to set out the brief.

Harwell G. Davis, Atty. Gen., for the State.

Only final judgments will support an appeal. Daly v. State, ante, p. 322, 97 South. 167; Acts 1919, p. 84, § 7.

FOSTER, J. The defendant was convicted of distilling. The record shows the verdict of the jury and an adjudication of guilt, but fails to show that sentence was pronounced upon the defendant.

Section 2837, c. 53, Code 1907, provides that—

"From any final judgment or decree of the chancery, circuit, or courts of like jurisdiction, city or probate court, except in such cases as are otherwise directed by law, an appeal lies to the Supreme Court."

Chapter 53 was amended by an act approved September 22, 1915 (Acts 1915, p. 711), and section 7 of said act reads as follows:

"That appeals in criminal cases must be taken at the time of sentence * * * or within six months thereafter in manner following: (a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, as he may elect, to be taken at the time of judgment rendered, or: (b) The filing of a written statement signed by the defendant or his attorney that defendant appeals from the judgment; the statement to be filed within six months."

Section 7 of an act approved February 15, 1919 (Acts 1919, p. 84), is identical with section 7 of the act of 1915, supra.

Under the Code provision above referred to, appeals in felony cases could be taken from any final judgment. The act of 1915, supra, and the act of 1919, supra, require that appeals in criminal cases be taken at the time of sentence or confession of judgment or within six months thereafter. An appeal in criminal cases does not lie to the Supreme Court or the Court of Appeals until sentence is pronounced or confession of judgment taken. Acts 1919, p. 84, § 7; Hardeman v. State, 202 Ala. 694, 81 South. 656; Yates v. State, 18 Ala. App. 435, 93 South. 62; Collins v. State, 148 Ala. 667, 41 South. 672; Ayers v. State, 71 Ala. 11.

The appeal in the instant case, having been taken before sentence was pronounced on the defendant, was prematurely taken, and must be dismissed.