(102 So. 914)

**GARDNER v. STATE.    (7 Div. 28.)**

(Court of Appeals of Alabama.  Feb. 3, 1925.)

**I. Criminal law ⊛⇒878(3)—Conviction under one count acquittal of others.**

Where indictment was in two counts, a verdict of guilty under one count was an acquittal of other.

**2. Intoxicating liquors ⊛⇒238(I)—Refusal of general charge in prosecution for manufacture held error, where no evidence authorizing conviction.**

In prosecution for manufacturing whisky, where evidence did not authorize finding that whisky had been made, refusal of defendant's general charge was error.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Burk Gardner was convicted of manufacturing prohibited liquors, and he appeals. Reversed and remanded.

See, also, 19 Ala. App. 369, 97 So. 373.

Riddle & Riddle, of Talladega, for appellant.

Defendant was entitled to the general affirmative charge. Ballentine v. State, 19 Ala. App. 261, 96 So. 732.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The indictment was in two counts. The first charged that defendant manufactured whisky, and the second, the possession of a still, etc. There was a verdict of guilty under the first count. Under the law, this was an acquittal of the second count.

[2] The defendant requested the general charge as to the first count which charge was refused. We have carefully examined the record, and nowhere is there any evidence that whisky was in fact manufactured. No whisky was found; no smell of whisky was shown. In fact, nothing was shown by the evidence from which the jury would be authorized to legally find that whisky had been made. The charge as to count 1 should have been given, and for this error the judgment is reversed and the cause is remanded.

Reversed and remanded.