(108 So. 635)

### GARDNER v. STATE.   (7 Div. 199.)

(Court of Appeals of Alabama. May 18, 1926.)

1. **Criminal law** ⬅996(1)—**Object of judgment "nunc pro tunc" is not rendering of new judgment, but is one placing in proper form on record judgment previously rendered.**

Object of judgment "nunc pro tunc" is not rendering of new judgment and ascertainment of new rights, but is one placing in proper form on record judgment previously rendered, to make it speak the truth.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Nunc pro Tunc.]

2. **Criminal law** ⬅996(1).

Power to amend nunc pro tunc is not revisory in its nature, and is not intended to correct judicial errors.

3. **Criminal law** ⬅187—**Plea of former jeopardy should have been sustained, where, after term of court at which conviction was had, judgment nunc pro tunc was attempted to be entered (Code 1923, § 7855).**

Where, after termination of term of court at which defendant was convicted, attempt was made to enter judgment nunc pro tunc of conviction and sentence based on verdict, plea of former jeopardy should have been sustained where there was no judgment and no sufficient matter apparent on the record or entries of the court from which a completed judgment including sentence could be written; Code 1923, § 7855, being unavailable.

4. **Criminal law** ⬅1084.

Taking appeal from conviction does not delay sentence.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Burk, alias Daniel Mason, Gardner was convicted of distilling, and he appeals. Reversed and rendered.

Riddle & Riddle, of Talladega, for appellant.

Defendant's plea of former jeopardy should have been sustained. Robertson v. King, 120 Ala. 459, 24 So. 929; Browder v. Faulkner, 82 Ala. 257, 3 So. 30; Wilmerding v. Corbin, 126 Ala. 268, 28 So. 640.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Defendant cannot complain of delay from rendition of the verdict to the pronouncement of sentence, where the cause of the delay was his appeal to the appellate court. Snyder v. State, 18 Ala. App. 188, 90 So. 40; Ex parte Newton, 94 Ala. 431, 10 So. 549; Clanton v. State, 96 Ala. 111, 11 So. 299; Charles v. State, 4 Port. 107.

SAMFORD, J. [1, 2] This cause was first tried in the circuit court of Clay county at the September term, 1922, a verdict of guilty was returned, and an appeal taken to this court. No judgment having been entered, this court on July 26, 1923, dismissed the appeal. Gardner v. State, 19 Ala. App. 369, 97 So. 373. On October 26, 1923, on motion of the state, supported by evidence held to be sufficient by the trial court, the judgment of conviction was amended nunc pro tunc and from this judgment an appeal was taken to this court. This judgment was by this court reversed and the cause remanded February 3, 1925. Gardner v. State, 20 Ala. App. 469, 102 So. 914. On this appeal the question presented is as to the authority of the trial court to amend the judgment nunc pro tunc. If it had no such power or authority, then the defendant having been once tried could not be again tried for the same offense. On the trial in the circuit court at the September term, 1922, a verdict was returned by the jury, but no judgment of conviction was rendered, and no sentence was fixed by the court as required by law. The attempt was made after the term of court and after dismissal of the appeal to enter a judgment of conviction and sentence based upon the indictment, verdict, and the bench notes of the trial judge, but

from none of these does there appear to have been a judgment entered. It is conceded that this could not be done unless the judgment could be amended nunc pro tunc. The object of such a judgment is not the rendering of a new judgment and the ascertainment of new rights, but is one placing in proper form on the record a judgment that had been previously rendered to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered in the place of the one it did erroneously render, nor to supply nonaction by the court. "The power to amend nunc pro tunc is not revisory in its nature, and is not intended to correct judicial errors. Such amendment ought never to be the means of modifying or enlarging the judgment, or the judgment record, so that it will express something which the court did not pronounce, even though the proposed amendment embraces matter which ought clearly to have been pronounced." However erroneous, the express judgment of the court cannot be corrected at a subsequent term of the court nor a judgment entered where none had been rendered. Browder v. Faulkner, 82 Ala. 257, 3 So. 30; Brown v. Barnes, 93 Ala. 58, 9 So. 455; Dumas v. Hunter, 30 Ala. 188; Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 So. 640; Campbell v. Beyers, 189 Ala. 307, 66 So. 651.

[3] Under section 7855 of the Code of 1923, circuit courts may, at any time within three years after rendition of final judgment, upon proper motion, direct the writing up of any judgment when the order for judgment was made at a previous term of the court and the clerk had failed at such previous term to enter such judgment on the minutes of the court when there is sufficient matter apparent on the record or entries of the court to amend by. But in this case there was no judgment of the court and no sufficient matter apparent on the record or entries of the court from which a completed judgment, including sentence could be written. It follows that the defendant's plea of former jeopardy should have been sustained. Ex parte Courson, 17 Ala. App. 243, 84 So. 411.

[4] It is urged by the state that defendant cannot complain of delay in the fixing of a sentence because defendant had taken an appeal to this court. The fault of that contention lies in the fact that the appeal did not delay the sentence. Phillips v. State, 162 Ala. 14, 50 So. 194.

The foregoing determines this appeal, and, as it appears that the defendant has once been put in jeopardy and cannot again be tried, the judgment is reversed, and a judgment will here be entered discharging the defendant.

Reversed and rendered. ·