## STATE *v.* McALLISTER & A.

The court will not discharge the sureties upon a recognizance, upon the petition and notice prescribed by statute, if the surrender of the principal was prevented by any fault of the sureties in connection with the act of God, or of the government, or the sentence of the law.

SCIRE FACIAS against bail. At the February term, 1869, in this county, Alanson J. Shorey was indicted for unlawfully selling mortgaged property. He was arraigned, pleaded not guilty, and gave bail in the sum of $400 for his appearance at the April term, 1869. These defendants duly recognized at the same time in that sum as his sureties. At the April term, 1869, the said Shorey failed to appear in court, and his recognizance, as well as that of his sureties, was duly forfeited. The clerk's docket shows that if the said Shorey should appear at the August term, 1869, the forfeitures were to be remitted; but he did not appear, and the indictment was continued from term to term till the February term, 1870, when the case was further continued, with an order that if the respondent should appear at the August term, 1870, the aforesaid forfeitures should be remitted; and the

indictment being further continued to the August term, 1870, the respondent again failed to appear, and the case was continued from term to term till the February term, 1871, at which the respondent not appearing, and never having appeared after entering into the recognizance aforesaid, the case has not since then been brought forward on the docket. It appeared that the said Shorey was indicted in the circuit court of the United States for the district of New Hampshire, at the May term, 1869, for the crime of smuggling, was arraigned, pleaded not guilty, and upon trial was duly convicted thereof, and at the same term of the United States circuit court was sentenced to be imprisoned in the jail at Concord, N. H., for the term of one year, and to pay a fine of $200 to the use of the United States, and stand committed till sentence should be performed; that a warrant in due form of law was issued to the United States marshal of New Hampshire for that purpose, dated May 11, 1869, by force whereof the said Shorey was taken into custody and committed to the jail aforesaid, May 13, 1869; that he remained in the said jail until about October 5, 1869, when he escaped and fled to Canada, where he has remained ever since.

Upon the foregoing facts, it was agreed that if the court is of the opinion that the defendants are liable, then judgment is to be entered in favor of the state for the amount of the recognizance and costs, otherwise judgment for the defendants.

Questions of law reserved.

*Ray*, solicitor, for the state.

*Dudley* and *Bingham*, for the defendants.

Sargent, C. J.   It will be seen, by an examination of the case, that at the April term, 1869, when this recognizance was first called and forfeited, the said Shorey was at large, and free to have appeared and prevented the forfeiture of his recognizance had he so chosen, or his sureties might have produced him in court at that term and have thus discharged themselves from liability.   They were not prevented from thus surrendering him by the act of God, or by any act of the government of the United States or of this state, or by any sentence of law. It would seem that they had no legal excuse for not surrendering him at that term.

This proceeding is founded upon sec. 9, ch. 241 of Gen. Stats., and the defendants' counsel claim that the provisions of section 12 of the same chapter should be applied, and that, although they have filed no petition and given no notice according to the provisions of that section, yet that the court should consider all the facts in this case just as though such petition had been filed and such notice given; and the defendants claim that upon these grounds they should be discharged. We have considered the case before us in that view.   Evidently the defendants have no answer to make in this case, and can make none, unless it should be under the provisions of this section 12; and we

think they cannot make any sufficient answer, even under this section. If their fault should contribute in any way, together with the act of God, or of the government, or the sentence of the law, then they could not be discharged upon either of these grounds.

In this case, the first default, at the April term, 1869, fixed the liability of the sureties in the recognizance; for there was no act of God, or of either state or national government, or any sentence of the law, that prevented the principal from appearing or the sureties from producing him. But by an arrangement this forfeiture, which was already complete, was to be remitted by the government if respondent Shorey came in at the next term. At this term (August, 1869) he was confined in jail at Concord and could not attend, and the sureties, so far as appears, without any fault on their part, were prevented from producing him by one of the causes which the statute recognizes as a sufficient reason for not producing him; and supposing the statute was intended to apply to a case of this kind, as well as to the time of the original default, still the condition was not performed, the forfeiture was not remitted, and the case was again continued in the same way; and if the sureties had produced Shorey at either of the next terms when there was no legal excuse that could avail them, the forfeiture would have been remitted.

These sureties then have not suffered anything, or been in any way damaged by this act of the United States government or the sentence of the law, because their time has been extended and they have had the same opportunity to produce him since, when no such cause operated to prevent it; and having had this time extended, having had all the opportunity granted that they have asked or desired, so far as appears, all at least that we think was reasonable, and not having produced him, the original forfeiture should be enforced.

The voluntary absence of Shorey affords them no justification or excuse. It was against that that they guaranteed the government; to prevent that they became responsible; and we see no grounds upon which they can legally be or ought to be excused. They must be held responsible for the whole amount of the recognizance and costs.

*Judgment for the state.*