# Phillips *v.* The State.

## *Murder.*

(Decided June 10, 1909.   Rehearing denied June 30, 1909.
50 South. 194.)

1. *Judgment; Amendment.*—Although an appeal is pending therefrom a judgment may be amended nunc pro tunc at a subsequent term, and the amendment will relate back to the rendition of the judgment and be curative of the defects in the record, and when properly certified to this court will be considered as the true record.

2. *Same.*—Judgments may be amended nunc pro tunc from the entries on the dockets as quasi record evidence.

3. *Jury; Summoning; Harmless Error.*—While under section 7265, Code 1907, it was irregular to serve upon the defendant the regular petit jurors drawn and summoned for a subsequent week, yet, although the sheriff did conform to the order, but left off of the list served upon the defendant, a person drawn as a regular juror, but who was returned as not summoned because he had moved out of the county, and that it appeared he would not have been competent had he been included in the list and had he appeared, it was such error as is defined by section 6264, Code 1907, and hence, harmless.

4. *Same; Venire.*—Where the name of the juror appeared but once in the venire and yet appeared twice in the sheriff's return, the error was self correcting and harmless, as it might have occurred either on the part of the sheriff in making the returns or on the part of the clerk in making up the record.

5. *Same; Motion to Quash; Grounds.*—There is no law imposing upon the clerk or anyone else the duty to certify to the list of jurors served on the defendant as the correct list of jurors to try the case, nor need the clerk or anyone else sign the notice at the head of the list that it constitutes the venire from which to draw the jury, and hence, a motion to quash on these grounds is without merit.

[Phillips v. The State.]

6. *Homicide; Evidence; Tracks.*—Where the testimony tended to show that decedent was killed from ambush and that tracks peculiarly marked were found there and traced to within a short distance of defendant's home, and it was further shown by a witness that he had seen the defendant make tracks in a cotton patch a few days before the homicide, it was competent to permit such witness to describe the tracks made by the defendant in the cotton patch.

7. *Same; Motive.*—A letter written by the defendant which with other evidence in the case tended to show the defendant's disposition towards decedent, and a motive for killing him (decedent being a witness in a criminal prosecution against defendant) was properly received in evidence, its weight whether slight or not being for the jury.

8. *Same.*—It was shown on the trial that the morning after the homicide defendant boarded a train and left the community. The defendant offered a witness who proposed to testify that she lived in another town than that in which defendant lived, and that defendant had an engagement to visit her the day after the homicide; there was no offer in connection therewith to show that the engagement was made before defendant started from his town nor that he went to the town where witness lived or started to or in the direction of that town. Held, that the court properly denied the right of the witness to testify as to the engagement on a subsequent day.

9. *Witnesses; Examination.*—The trial court will not be put in error for sustaining an objection to a question so general in its character that irrelevant evidence would be responsive thereto.

10. *Charge of Court; Argumentative.*—A charge asserting that the fact that the jurors had said on oath that they would convict on such circumstantial evidence, did not mean that the jury must convict, was argumentative and misleading.

11. *Same; Credibility of Witness.*—In the absence of evidence to impeach a witness and where it could not be said that the defendant's guilt was dependent upon the testimony of such witness, a charge asserting that if defendant's guilt was dependent upon such witness's testimony and the jury believed that it was willfully false as to any material particulars, then the jury might disregard all of his testimony, was properly refused.

12. *Same; Reasonable Doubt.*—A charge asserting that unless the jury was so convinced that a reasonable man would venture to act on that decision in matters of the highest importance to his own interest, they must find the defendant not guilty, was properly refused.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Bill Phillips was convicted of murder, and he appeals. Affirmed.

The original judgment sent to this court contained, among other things the following: "The court also ordered the sheriff to serve on defendant one entire day

before the day fixed for the trial a copy of the indictment, together with a copy of the names of the fifty special jurors drawn, together with a copy of the names of the regular petit jurors organized for the second week of this term of this court, and said fifty special jurors, together with the regular petit jurors organized for the second week of this term of the court, shall constitute the venire from which to select a jury to try this case." The cause was submitted, but on motion of the Attorney General the submission was set aside, for the purpose of amending the judgment in the lower court nunc pro tunc, with certiorari to bring up the judgment entry as amended nunc pro tunc at the succeeding term of the court. The submission was set aside and certiorari awarded on February 4, 1909. On May 13, 1909, an alias writ of certiorari issued to bring up the judgment entry as amended nunc pro tunc. As amended, the judgment entry shows that the sheriff was ordered to serve a copy of the indictment, together with a copy of the names of the fifty special jurors drawn, together with a copy of the names of the regular petit jurors drawn and summoned for the second week of the term. The motion set out that the clerk omitted the word "legally" before the word "arraign," where it appeared therein, and inadvertently wrote the word "organized," instead of "drawn and summoned," all of which errors are shown by the bench notes of the presiding judge, made and entered on the trial docket of said court at the time of arraignment. Demurrers were interposed, because it is an attempt to amend the order of the court setting the case for trial after the venire was served and the jury drawn and the case tried; (2) it is an attempt to revise the judgment of the court rendered at a former term of the court, and because the motion shows on its face that the circuit court is without authority to make the

amendment asked for in the motion. The facts as to the jurors sufficiently appear in the opinion.

The following portions of the oral charge were excepted to: "The defense of alibi is that the defendant was at another place at the time the crime was committed. If, in view of all the evidence, you have a reason to doubt as to whether the defendant was at the place the crime was committed at the time of its commission, then you should acquit; but if you believe from the evidence that the accused is not so far away from the place where the crime was committed but that he could with ordinary exertion have reached the place where the crime was committed, then you will consider that fact to prove or disprove the alibi. It is not necessary to prove the defendant guilty by testimony of witnesses who have seen the offense committed; but such guilt may be established by proof of facts and circumstances from which the jury believe it beyond a reasonable doubt."

The following charges were refused to the defendant: (9) "I charge you, gentlemen of the jury, that a person charged with a felony should not be convicted on circumstantial evidence alone, unless it excludes to a moral certainty every reasonable hypothesis but that of his guilt. No matter how strong the circumstances may be, they do not come up to the full measure of proof which the law requires if they can be reconciled with the theory that another person was the guilty agent." (8) "The court charges the jury that the provision of the law is that upon the evidence there shall not be a conviction unless to a moral certainty it excludes every reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure that the law requires." (20)

"If, under the evidence in this case, it is uncertain whether or not some other person may have killed Van Wright, then the jury must acquit the defendant." (23) "The jury must indulge every reasonable presumption arising from the evidence in favor of the defendant's innocence; and if the evidence fails to satisfy the jury that some other person may not have killed Van Wright, then the jury must find the defendant not guilty." (19) "The court charges the jury that the fact that the jurors said on oath that they would convict on circumstantial evidence does not mean that the jury must convict the defendant in this case." (14) "If the guilt of the defendant depends upon the testimony of the witness A. J. Browning, and the jury believe from the evidence that the evidence of said witness was willfully and maliciously false as to any material part of his testimony, then the jury may disregard all of the testimony of the said witness and find the defendant not guilty." (26) "Unless the jury is so convinced from the evidence of the defendant's guilt that a reasonable man would venture to act on that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty."

LACKEY & BRIDGES, for appellant.—Whenever an order is made in a murder case and it shows on its face that there is not a compliance with the statute, it unquestionably calls for a reversal.—*Bradley v. The State,* 46 South. 969; *Burton v. The State,* 115 Ala. 1; *Posey v. The State,* 73 Ala. 490; *Spicer v. The State,* 69 Ala. 159. Evidence of flight having been offered the defendant should have been permitted to explain or qualify it.—*Allen v. The State,* 146 Ala. 61; *Mattison v. The State,* 55 Ala. 224; *Welch v. The State,* 97 Ala. 1; *Elmore v. The State,* 98 Ala. 12; 3 Enc. of Ev. pp. 143, 145; Ab-

bott's Trial Brief Crim. Cases, pp. 461; *Ferguson v. The State,* 134 Ala. 63; *Bowles v. The State,* 58 Ala. 335; *State v. Ma Foo,* 33 Amer. St. Rep. 414; *State v. Moncla,* 2 South. 814, (12); Wills Circumstantial Ev. 89-90, 1st Bish. Crim. Proc. sec. 1250. Where all the evidence is circumstantial if the circumstances proven are susceptible to explanation, upon any reasonable hypothesis, consistent with defendant's innocence, he should be acquitted.—*Way v. The State,* 46 South. 273. Counsel discuss charges refused but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State.

DENSON, J.—A judgment may be amended at a subsequent term, nunc pro tunc, and pending an appeal therefrom; and the amendment, being properly certified to the court, will relate back to the rendition of the original judgment and be considered as curative of the defects in the record as it originally appeared in this court. *Scymour & Sons v. Thomas Harrow Company,* 81 Ala. 250, 1 South. 45; *Independent, etc., Co. v. American etc,. Co.,* 102 Ala. 475, 481, 15 South. 947. It is also settled by the decisions of this court that a judgment entry may be amended nunc pro tunc upon entries on the dockets,. as quasi record evidence.—*Farmer v. Wilson,* 34 Ala. 75.. By the light of the decisions cited, it will be seen that the demurrer to the motion to amend the judgment was. properly overruled.. The judgment as amended has been properly certified to this court by the clerk of the circuit court, in his return to the certiorari, and it must be considered as the true entry.

The statute under which the special venire was formed provides that, when the day set for the trial is a day

of a subsequent week of the term, the special jurors
drawn by the presiding judge, together with the jurors
drawn for such subsequent week, shall constitute such
venire.—Code 1907, § 7265. The statute is an amend-
ment to the former statute (section 5005 of the Code of
1896) in the particular that the former prescribed that
the jurors drawn and summoned for the subsequent
week should be a part of the special venire. Under the
statute as it stood in the Code of 1896, the name of the
jurors drawn for the subsequent week, but not summon-
ed, could not properly be placed upon the list of jurors
served upon the defendant, and the placing of such
names on the list constituted sufficient ground for quash-
ing the special venire.—*Smith's Case*, 133 Ala. 73, 31
South. 942. It must be conceded that the order in
the instant case is not in conformity with the statute;
and probably the presumption should be indulged that
the sheriff, in making his list of the names that were
served upon the defendant, conformed to the order of
the court (*Spicer's Case*, 69 Ala. 159) and included on-
ly the names of jurors drawn and summoned. If he
did conform to the order, then he left off of the list the
name of C. B. Martin, who was drawn as a juror for the
second week, but who was returned as not summoned,
because he had moved out of the county. If Martin's
name had been included in the list, and he had appeared,
he would not have been a competent juror; and, he hav-
ing removed from the county, the sheriff properly re-
turned him not served.

By section 6264 of the Code of 1907, this court is re-
quired to "consider all questions apparent on the record
or reserved by the bill of exceptions, and render such
judgment as the law demands. But the judgment of
conviction must not be reversed because of error in the
record, when the court is satisfied that no injury re-

[Phillips v. The State.]

sulted therefrom to the defendant." Upon the facts
relating to the point under consideration, the court is
satisfied that no injury resulted to the defendant from
the making of the order with respect to the special
venire.

The name of S. P. Burrow appears in the venire facias
for petit jurors for the second week, which venire is set
out in the record, but it appears there only once; while
in the sheriffs return upon the venire, which is also set
out in the record, that name appears twice—thus, "S. P.
Burrow, S. P. Burrow." This the court regards as a
self-correcting clerical error, involving no prejudicial
effect upon defendant. The error may be that of the
sheriff, in making the return, or may be that of the clerk
in making the record. At any rate, it is self-correcting
and harmless to defendant.

Motion to quash the venire is based upon two grounds.
First, for that "the list of jurors served on the defend-
ant is not certified, by the clerk, or any one else, to be a
correct list of jurors to try the case;" second, "because
the clerk did not sign the notice at the head of the list
of jurors, giving notice to the defendant that the list
served would constitute the venire from which to draw
the jury." There is no law imposing the duty assumed
in the motion, upon the clerk or any one else. Conse-
quently the motion to quash is without merit.

The proof of the defendant's guilt depended upon
circumstantial evidence. After witness A. J. Browning
had testified to circumstances tending to show that the
person who killed the deceased did so from ambush, and
after describing the place of the killing and its sur-
roundings, and after testifying to finding there human
tracks peculiarly marked, and to tracing these tracks
up to within a short distance of defendant's house, and
that he had seen defendant make tracks in a cotton

patch two or three days before the deceased was killed, he was asked by the solicitor to describe "these tracks made by the defendant in this cotton patch." The defendant made a general objection to the question and excepted to the overruling of the objection by the court. Aside from its positive vice of generality, the objection is without merit, for the reason that the evidence sought and obtained was entirely competent to go to the jury, upon the question of whether or not the tracks found at the place of the killing were made by the defendant. Hence the court committed no error in overruling the objection to the question, nor in refusing to exclude the answer thereto.—*Walters' Case,* 118 Ala. 654, 24 South. 1005; *Hodge's Case,* 97 Ala. 37, 12 South. 164, 38 Am. St. Rep. 145; *Riley's Case,* 88 Ala. 193, 7 South. 149; *Busby's Case,* 77 Ala. 66.

The court committed no error in sustaining the state's objection to the question propounded to the witness Carter on cross-examination.

The letter of July 28, 1908, written by the defendant to the clerk of the circuit court, was properly received as evidence. The testimony showed that the deceased, Van Wright, was a witness in a criminal prosecution that was pending against defendant, and that defendant was anxious to dispose of Wright, or of his testimony. The letter, in connection with other evidence, tended to show defendant's disposition towards Wright, and motive to kill Wright. It may be that it was slight in its tendency and weight; but nevertheless it was competent.

The evidence showed that on the Sunday morning after Van Wright was killed (the killing occurring on Saturday), but before his body was found, the defendant boarded the east-bound train at Wadley, "and left the community," carrying a suit case and a gun case. Miss McGinty, a witness for the defendant, testified

[Phillips v. The State.]

that she lived in the town of Langdale, in Chambers county, Ala., and that she knew the defendant. Defendant's counsel then asked Miss McGinty this question: "Did he have an engagement to visit you on the Sunday he was arrested?" The purpose of the testimony sought to be elicited by the question, it may be conceded, was to explain the testimony tending to show flight; but the court cannot be put in error for sustaining the objection to the question. For aught that is revealed by the question or what had preceded the asking of it, the defendant may have had an engagement to visit the young lady, and yet the engagement might have been made after defendant reached Langdale; and if so, it is obvious that the testimony in answer to the question would have been wholly immaterial and irrelevant. Where a question is so general that irrelevant evidence would be responsive to it, the trial court cannot be put in error for sustaining an objection thereto. —*Ross' Case,* 139 Ala. 144, 147, 36 South. 718. There was no offer, before the court ruled, to show that the engagement was made before defendant started from Wadley. Moreover, at the time the question was propounded to the lady, there was no proof, nor offer to prove, that Phillips went to Langdale, nor that he had started to Langdale, or in the direction of Langdale.

The recital as to what the evidence of Bell showed—construing the bill of exceptions most strongly against the defendant (*McGehee's Case,* 52 Ala. 224)—occurred after the question was propounded and ruled upon. The court has examined the portions of the general charge of the trial court excepted to, and has found no reversible error therein.

Charges 9, 8, 20, and 23 are of the same class, and may be considered together. The reasons of their condemnation may be found in the cases cited below, and it is unnecessary now to repeat them.—*Thomas' Case,*

106 Ala. 19, 17 South. 460; *Bowen's Case,* 140 Ala. 65, 69, 37 South. 233; *Turner's Case,* 124 Ala. 59, 27 South. 272; *Barnes' Case,* 111 Ala. 56, 20 South. 565; *Bohlman's Case,* 135 Ala. 45, 33 South. 44; *Dennis' Case,* 112 Ala. 64, 20 South. 925.

Charge 19 is argumentative and misleading, and the trial court therefore cannot be put in error for refusing it.

No effort was made to impeach witness A. J. Browning, nor can it be said, from the evidence disclosed by the record, that the guilt of the defendant was dependent upon his testimony. Hence charge 14 was properly refused to defendant.—*Jackson's Case,* 136 Ala. 22, 34 South. 188.

In refusing charge 26 no error was committed by the trial court.—*Rogers' Case,* 117 Ala. 9, 15, 22 South. 666 (ch. 7); *Amos' Case,* 123 Ala. 50, 54, 26 South. 524 (ch. 4); *Neville's Case,* 133 Ala. 99, 32 South. 596; *Allen's Case,* 111 Ala. 80, 89, 20 South. 490.

This record affirmatively shows that charge 6 requested by defendant was "accidentally misplaced," thereby not only negativing any purpose to withhold it without action thereon, but affirmatively showing that no such purpose existed. Moreover, construing the bill of exceptions most strongly against the defendant, according to the rule (*McGehee's Case, supra*), defendant's counsel may have been the person who found the charge; and, if so, there was ample time, as shown by the record, within which he could have called the attention of the court thereto, before the jury rendered the verdict; but, aside from this condition of the record, the charge is argumentative and might properly have been refused.

There is no reversible error, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.