# Yorty *v.* The State.

## *Larceny.*

(Decided June 30, 1914.   65 South. 914.)

1. *Judgment; Correction; Nunc Pro Tunc.*—Where the verdict found defendant guilty of grand larceny, and judgment was entered by mistake adjudging him guilty of assault and battery, which was subsequently corrected on motion nunc pro tunc, the original judgment was to be read as corrected by the order of nunc pro tunc on the record, and it was not necessary that the judgment on the order should be a complete judgment of conviction in and of itself without reference to the original judgment.

2. *Same.*—Where the verdict was "guilty of grand larceny" and the judgment by inadvertence adjudged defendant guilty of assault and battery, the power to correct the entry of the judgment by the clerk and make it conform to the true state of facts, and express the true adjudication of the court from matters apparent upon the record, was inherent in the court nunc pro tunc, notwithstanding the pendency of an appeal.

3. *Larceny; Evidence; Custom.*—On a trial for larceny, the testimony of a witness who did not purchase the hide of the animal alleged to have been stolen, and had nothing to do with its purchase, that it was his custom to require the ears of hides bought by him to be cut off, was properly excluded; but his testimony as a man of general experience that in order to save the hides it was necessary to cut off the ears in warm weather, but not in cold weather, was all that was admissible.

4. *Charge of Court; Degree of Proof.*—The charge instructing to find defendant not guilty, unless, after a full consideration of all the evidence, his guilt was proven to a moral certainty, asserted a correct proposition of law and should have been given.

5. *Same; Misleading.*—An instruction to find defendant not guilty unless satisfied from the evidence beyond all reasonable doubt that the hide of an eighteen-months-old yearling heifer claimed to have been lost by C., was misleading, involved and obscure.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

A. J. Yorty was convicted of grand larceny, and he appeals. Reversed and remanded.

Defendant was convicted of stealing a cow of the value of $10. The following charges were refused to defendant:

[Yorty v. The State.]

(1) The court charges the jury that, if after a full consideration of all the evidence the guilt of defendant is not proven, to a moral certainty, then the jury must find defendant not guilty.

(2) The court charges the jury that, unless they are satisfied from the evidence beyond all reasonable doubt that the hide of the about 18-month-old yearling which the state's witness Wyatt saw in Birmingham at the time referred to by said witness was the hide of the about 12-month-old heifer yearling which J. D. Chambliss claims to have lost, then, under all the evidence in the case, the jury must find defendant not guilty.

S. W. TATE, and M. M. SMITH, for appellant. The judgment was not responsive to the verdict, and hence, has nothing upon which to lean for support.—*Kirkland v. Pilcher,* 174 Ala. 170; 11 Enc. P. & P. 878. The court erred in refusing charge 1.—*Fletcher v. State,* 132 Ala. 10; *Hale v. State,* 122 Ala. 85; *Gilmore v. State,* 99 Ala. 154; *Williams v. State,* 52 Ala. 411. Counsel discuss assignments of error relative to evidence, but without further citation of authority.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The inadvertence in the judgment was a mere clerical error, and may be corrected by the record itself.—*Warfield v. State,* 34 Ala. 361; *McLeod v. State,* 35 Ala. 395; *Hix v. Barnett,* 40 Ala. 291; *Russell v. Irwin,* 41 Ala. 292; *Conference v. Prin,* 42 Ala. 39; *Mock v. Walker,* 42 Ala. 668; *Ford v. Tinchant,* 49 Ala. 567. This case is on all fours with the case of *Kingsbury v. State,* 39 S. W. 365. There was no error in the refusal of charges or the admission of evidence.

PELHAM, J.—The indictment in this case upon which the defendant was tried charged him with grand larceny, and the verdict was a general verdict of guilty as charged in the indictment, assessing the value of the animal stolen at $10. The judgment of guilt entered by the court following this verdict of the jury adjudged the defendant guilty of "an assault and battery as charged in the indictment," but the sentence imposed by the court was imprisonment in the penitentiary for a period of three years for the "offense of grand larceny in accordance with the verdict of the jury."

After the defendant had taken an appeal, and before submission of the cause in this court, a certiorari was awarded at the instance of the state's counsel, and in answer to this writ the clerk of the trial court has made a return accompanied by the proper certificate, which was submitted with the original transcript. This return to the certiorari shows that the judgment, against the defendant for assault and battery entered on the minutes of the court by the clerk on the 20th day of November, 1912, had been corrected and amended by the trial court nunc pro tunc on motion of state's counsel on the 30th day of January, 1914, so as to speak the truth and make it appear that the defendant had been adjudged guilty of grand larceny, on the ground that the entry on the minutes of the court adjudging the defendant guilty of an assault and battery was a clerical error of the clerk in writing up the judgment.

The exercise by the trial court of its inherent common-law power to correct the entry of the judgment nunc pro tunc in the furtherance of justice and make it show an adjudication of the defendant's guilt of the offense charged and for which he was tried, in conformity with the verdict of the jury, as shown by the return made in response to the certiorari, fully answers the appellant's

[Yorty v. The State.]

contention that the case must be reversed because the adjudication and battery, as shown by the judgment entry set out in the transcript, is not responsive to the jury's verdict finding him guilty of grand larceny. The entry of the *original judgment* is to be read as corrected by the order of the court made on the motion to amend nunc pro tunc and there is no merit in the appellant's proposition that the order of the court made on the motion must be a complete judgment of conviction of and within itself, without reference to the original judgment. The two entries constitute but one judgment and are to be read together. The trial court in amending the judgment entry nunc pro tunc on motion to correct a clerical error made by the clerk in writing the judgments on the minutes was not entering a new or different judgment, but only correcting the entry of the judgment irregularly entered by the clerk, to make it conform to the true state of facts and express the true adjudication of the court from matters apparent upon the record; and this it had the right and power to do, notwithstanding an appeal had been prosecuted from the judgment of that court which was pending here at the time. The amendment, when thus made, relates back to the rendition of the original judgment.—*Phillips v. State,* 162 Ala. 14, 50 South. 194; *Seymour & Sons v. Thomas Harrow Co.,* 81 Ala. 250, 1 South. 45; *Pappot v. Howard,* 154 Ala. 306, 45 South. 581; *Palmer v. State,* 2 Ala. App. 265, 56 South. 50.

The defendant's witness Cornett's custom in requiring the ears of hides bought by him to be cut off, or whether or not he had required the ears of hides bought from the defendant or others to be cut off, was not relevant to the issues before the court. The hide in question that it was sought to identify was not bought by the witness, but by the Birmingham Hide & Tallow Com-

pany. The witness Cornett was not shown to have had any knowledge, of, or connection with, the transaction of the disposition by the defendant of the hide, and was permitted to testify as a man of general experience in such matters, all that was permissible as pertinent to this issue when he testified that "in warm weather it is necessary in order to save hides to cut the ears off, but it is not necessary in cold weather."

The refusal of charge No. 1 requested by the defendant was error that will require a reversal of the judgment. The charge asserts a correct proposition of law, and is not covered by any given charge.—*Griffin v. State,* 150 Ala. 49, 43 South. 197. Charge 2 is involved, obscure, and misleading, and was properly refused.

For the error pointed out, the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.