35 So.2d 47

**EDDINS, Chief of Police, v. POPWELL.**

**6 Div. 407.**

Court of Appeals of Alabama.

June 30, 1947.

Rehearing Denied Sept. 2, 1947.

240·

·Graham,·Bibb, Wingo & Foster, of Birmingham, for appellant.

Beddow & Jones, G. Ernest Jones, and G. Ernest Jones, Jr., all of Birmingham, for appellee.

HARWOOD, Judge.

This is an appeal from a judgment of the Circuit Court of the Tenth Judicial Circuit entered in a habeas corpus proceedings, which judgment sustained appellee's demurrers to the answer and amended answer of appellant to appellee's petition and ordered the release of the appellee from the custody of the appellant, C. Floyd Eddins, Chief of Police of the City of Birmingham.

From the record it appears that the appellee had been convicted in the Recorder's Court of the City of Birmingham on 17 June 1946 of the offense of violating the State Firearms Act. The Recorder, as punishment, fined the appellee one hundred dollars, and costs of three dollars, and sentenced him "to serve one hundred and eighty days (suspended) at hard labor for the City of Birmingham." The sentence to hard labor was suspended at the request of the attorney for the appellee.

On 14 November 1946 appellee was arrested and placed in the City jail during an investigation of a hit and run traffic accident. The outcome of this investigation is not shown in the record. However, while appellee was in jail one of the Assistant City Attorneys for Birmingham advised the attorney for the appellee that he would request the Recorder to revoke the order suspending the sentence to hard labor on 17 June 1946. Thereafter on 20 November 1946, after hearing evidence submitted by the City and by the appellee the Recorder entered the following order:

"Nov. 20th 1946. The judgment of suspending the 180 days is modified and the suspension is revoked and the 180 day sentence is revised and the judgment of the court is that the defendant serve 180 days at hard labor for the City."

Upon his incarceration by this appellant as Chief of Police of the City of Birmingham, pursuant to the above order, appellee instituted this habeas corpus proceedings with the results indicated above.

The question of foremost importance in this case is whether the Recorder was empowered to order executed on 20 November 1946 the sentence of one hundred and eighty days hard labor imposed on appellee on 17 June 1946, which sentence was on that date, at request of appellee, suspended by the Recorder.

Counsel for appellant have filed an excellent and exhaustive brief in this case. They concede that the action of the Recorder in suspending that portion of the sentence imposing the one hundred and eighty days hard labor was unauthorized by statute and therefore invalid. See Section 9, Title 1, Section 334, Title 15, Code of Alabama 1940; Shapiro v. City of Birmingham, 30 Ala.App. 563, 10 So.2d 38; Montgomery v. State, 231 Ala. 1, 163 So. 365, 101 A.L.R. 1394. They further acknowledge that the appellate courts of this State are committed to the doctrine that where a court, without authority, *and not acting upon the request of a defendant* suspends execution of sentence imposed, the court cannot, *after* expiration of the period for which the defendant was sentenced, order the sentence executed. Corporate Authorities of Scottsboro v. Johnston, 121 Ala. 397, 25 So. 809; Blackwell v. State, 19 Ala.App. 553, 99 So. 49; Alexander v. Posey, 32 Ala.App. 494, 27 So.2d 237.

However, appellant argues strongly, and not without substantial authority from other jurisdictions, that where the suspension of the sentence is secured at the instance and request of the defendant he is thereby estopped from questioning the power of the court to later revoke such order of suspension and reinstate the original sentence.

Appellant further argues in the alternative that if the doctrine of estoppel is not applicable, then the doctrine of our courts to the effect that a court cannot, *after* expiration of a sentence invalidly suspended or unexecuted, order such sentence executed, should not be extended or enlarged so as to prohibit the enforcement of the unexpired portion of the sentence suspended without authority, where such suspension was at the request of the defendant and where the vacation of the suspension was effected before, instead of after, the expiration of the term of the sentence.

We admit the persuasiveness of appellant's argument, but are of the opinion that the proposition contended for by the appellant has been settled adversely to his contentions by the case of Daley v. City of Decatur, 18 Ala.App. 141, 90 So. 69, certiorari denied 206 Ala. 698, 90 So. 925.

In the Daley case, supra, the petitioner was tried before a Recorder on 6 August 1920, adjudged guilty, fined and sentenced to thirty days "on the streets," which the court assumed to mean thirty days at hard labor on the streets. The judgment concluded "Sentence suspended on his promise not to go to this house again."

It does not appear in the report of this case whether the sentence to thirty days hard labor was suspended at the request of the defendant. We have however examined the original record and find that the sentence was suspended at the instance of the defendant.

Fine and costs were presently paid. On 19 August 1920, or thirteen days later and well within the thirty day period of the sentence, the petitioner, on verbal order of the Recorder was re-taken into custody. The trial court, in the ensuing habeas corpus proceedings entered an order refusing petitioner's discharge from custody. In reversing and rendering the judgment of the trial court this court wrote:

"The right of the criminal courts at common law to suspend sentence is asserted by writers of acknowledged authority. The authorities are cited in People v. Court of Sessions, 141 N.Y. 288, 36 N.E. 386, 23 L.R.A. 856. But that for reasons which do not now obtain; that was because the courts had no power to grant new trials, either upon the same or additional evidence, and the

242

verdict was not reviewable upon the facts by any higher court. 141 N.Y. supra.

"It will be observed that the trial court pronounced what it must be held to have considered the proper punishment for the offense committed by the petitioner, and then placed it in the power of the petitioner by his conduct to free himself from the lawful infliction of the punishment so pronounced. In substance the sentence to hard labor pronounced in this case was a sentence upon condition. But the principle is fundamental that the sentence in a criminal case must be certain and definite, and not dependent on any contingency or condition. 8 R.C.L. p. 254; Bradley v. State, 69 Ala. 318. In the text of R.C.L., supra, it is stated that—

" 'Whenever the question has arisen and been passed on, it has been decided, practically without dissent, that in passing sentence on a person convicted of an offense the court has no power to provide that the imprisonment of the defendant shall begin at some future, indefinite, time, depending on the happening of a contingency'—citing Tanner v. Wiggins, 54 Fla. 203, 45 So. 459, 14 Ann.Cas. 718; State v. Sturgis, 110 Me. 96, 85 A. 474, 43 L.R.A.,N.S., 443; Ex parte Clendenning 22 Okl. 108, 97 P. 650, 19 L. R.A.,N.S., 1041, 132 Am.St.Rep. 628, 18 Ann.Cas. 152.

"These cases, as far as they go, sustain the text, and such, in our opinion, is the case here under consideration, and such its proper disposition.

"Further, it is said (8 R.C.L. 250–254) that such stays involve the exercise of the pardoning power which is confined exclusively to the executive and may not be exercised by the courts. Vinson v. State, 16 Ala.App. 536, 79 So. 316. There are authorities to the contrary; but we think the reason of the matter is with the cases cited, and we hold in agreement with them. The cases are collected in a note to State v. Abbott (S.C.), 33 L.R.A.,N.S., 112; in a note to St. Hilaire, petitioner, Me., 8 Ann.Cas. 385; and in other commentaries noted under the text of R.C.L., supra.

"The effort to execute that part of the sentence which consigned petitioner to '30 days on the streets' was without authority of law, nor does it appear that conditions obtained which would authorize such a sentence at a future time.

"A judgment imposing punishment cannot be pronounced by piecemeal at different terms, and after the expiration of the term the court is without power to substitute another kind of punishment for that first imposed. Ex parte Newton, supra [94 Ala. 431, 10 So. 549]. And petitioner has suffered a lawful punishment; he has paid the fine and costs assessed against him; he cannot be punished again either in addition to or substitution for the penalty already paid. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872, cited and commented on in Ex parte Gunter in re State, etc., 193 Ala. 486, 69 So. 442.

"It results in our view that the petitioner should have been discharged from custody. An order to that end will be here made."

With the added fact, gained from our examination of the original record in the Daley case, supra, that the thirty day sentence to hard labor was suspended at the instance of the defendant in that case, we are unable to distinguish the facts in the Daley case from those in the instant case, and are of the opinion that the doctrine enunciated in the Daley case, particularly in view of the denial of the petition for the writ of certiorari by our Supreme Court, and set out above, is decisive of this case.

In Persall v. State, 31 Ala.App. 309, 16 So.2d 332, 335, this court held that upon revocation of probation theretofore granted a defendant, no credit accrues to the defendant for the time spent on probation and he must serve, upon revocation of the probation, the full sentence originally imposed by the court. One of the conditions imposed is that the defendant's sentence shall continue in fieri, and the State shall have the power to execute the sentence in full should the defendant forfeit the liberty conditionally granted him by the probation order. At the conclusion of his opinion Justice Simpson, now a member of the Supreme Court, but then a member of this court, makes by way of dictum the following observation:

"The familiar doctrine of waiver might be invoked against his contention of injury

and unlawful imprisonment, etc. He not only acquiesced in the terms and conditions of the liberty accorded him, but the grant of clemency was predicated upon his own written request duly entered and filed upon conviction. He is in no position to presently challenge the validity of the court action which he, himself, invoked and consented to. Hunt v. State, 186 Ind. 644, 117 N.E. 856; Brooks v. State, 51 Ariz. 544, 78 P. 2d 498, 117 A.L.R. 925."

Appellant's counsel argues that the principle enunciated above should govern in this case. However, in our opinion the fact that the court was authorized to grant the probation, and therefore acted within its authority, and that as to the execution of the sentence the proceedings were in fieri, so differentiate the Persall case from the one now under consideration as to make that case inapplicable to, and non-precedential of the instant case.

The judgment of the Circuit Court is therefore affirmed.

Affirmed.