45 So.2d 865

**STATE v. ESDALE.**

6 Div. 976.

Supreme Court of Alabama.

April 20, 1950.

John T. Batten, Birmingham, for petitioner.

A. A. Carmichael, Atty. Gen., and Emmett Perry, Solicitor, Birmingham, opposed.

BROWN, Justice.

The question presented in this case is whether or not the sureties on the bail bond of an escapee and fugitive from justice are entitled to a reduction of the amount of the conditional judgment for the penalty of the bond to such sum as will pay the costs of court incurred in the prosecution and conviction of the defendant and her application for probation without her appearance to abide the judgment of the court. The following facts appear from the opinion of the Court of Appeals.

The defendant Gladys Jackson was indicted in the Circuit Court of Jefferson County for murder. She appeared in court and entered a plea of guilty of manslaughter in the first degree and on such plea was adjudged guilty of said offense and her punishment fixed by the jury at imprisonment in the penitentiary for a term of two years. She thereupon applied for probation under the provisions of Chapter 2, Title 42, § 19 et seq., Code of 1940, and

was by order of the court entered on the minutes with the consent of her bail, allowed to remain in their custody pending her application for probation. She failed to appear to abide the judgment of the court but made default and on motion of the solicitor a conditional judgment was rendered against her and her sureties for the amount of the penalty of the bond ($500.00), with writ of *scire facias* to issue to defendant and bail to appear on the 17th of November, 1947, and show cause why the judgment should not be made absolute.

The writ of *scire facias* was issued and service thereof accepted by the sureties but was returned as to the defendant Gladys Jackson "not found in Jefferson County." The sheriff's return was dated April 2, 1947, and returned and filed with the clerk April 8, 1947.

On the date of the hearing Mrs. Willie Esdale, one of the sureties, pleaded to the *scire facias* as the complaint two pleas in substance—the general issue—denying the allegations thereof. She also suggested the death of Jones, the other surety. This procedure has been approved. State v. Parker, 83 Ala. 269, 3 So. 552; State v. Hinson, 4 Ala. 671. The trial court on an informal hearing reduced the amount of the conditional judgment to an amount sufficient to cover the costs and fees incurred in the prosecution and made the same final.

The Court of Appeals reversed and rendered judgment, making the judgment final for the full penalty of the bond against the surety appearing and discontinued as to the deceased surety. We granted certiorari to the Court of Appeals. Counsel for petitioner seeking to reverse the Court of Appeals states in brief: "She (the defendant) came to court and entered a plea of guilty and made application for probation. Mr. MacLeod represented her. Judge Morrow inferred he would put her on probation if she would pay the court costs and it was passed and passed and passed and each time it came up he would impress more thoroughly that she had to get the money to pay her court costs and the result was that she left here." In short, she became a fugitive from justice. Rule 10, Supreme Court Practice, Code 1940, p. 1008, Tit. 7; Bankson v. Accident & Casualty Co. of Winterthur Switzerland, 244 Ala. 371, 13 So.2d 398. She did not appear and no reason was shown for her nonappearance and no effort was shown on the part of the sureties to rearrest her and deliver her into the hands of the authorities to await the judgment of the court.

The statute, now § 217, Title 15, Code of 1940, which has been in the several codes two years short of a century, was interpreted by the court speaking through Brickell, C. J., in the following language: "The statute does not clothe the court with an absolute power of discharging or fixing the liability of bail; nor does it confer the power to determine questions of fact without the intervention of a jury, on which the validity of the undertaking, or the liability, may depend. The power the court can exercise, is that of passing on the sufficiency of the excuse for the default of the principal at the former term. If that excuse is adjudged sufficient, the conditional judgment must be set aside without costs. If it is not entirely satisfactory—if it is shown that the default was not unmixed with negligence, or a willful disobedience of the duty of appearance, the judgment may be accommodated to the particular circumstances of the case, and made absolute for the whole, or a part of the sum expressed in the undertaking as to the court may seem just. Cain v. State, 55 Ala. 170. The appearance of the principal, and his submission to the orders of the court is contemplated, in all cases in which the court exercises the power of setting aside the conditional judgment, or of rendering it absolute for less than its whole amount. It is not contemplated, the power shall be exercised in cases in which he does not appear, and the court can not hold him to answer the indictment. * * *." Hammons v. State, 59 Ala. 164, 170, 31 Am. Rep. 13.

This interpretation has been adhered to by the courts through the years. The statute has been readopted in the several codes

since without change and this interpretation was reaffirmed in Crosby's case, infra, in which the defendant was an escapee and fugitive from justice. It was there stated:

"The sureties, when the obligation of bail is assumed, become in law the jailers of their principal. Cain v. State, 55 Ala. 170; Bearden v. State, 89 Ala. 21, 7 So. 755; 3 Am. & Eng. Encyc. of Law, (2d Ed.), 653. 'The undertaking of bail, binds the parties thereto, jointly and severally, for the appearance of the defendant, on the first day of the court, from day to day of such term, and from day to day of each term thereafter, until he is discharged by law.' Code [of 1886], § 4427 [Code 1940, Tit. 15, § 207]; and, 'Bail may at any time before they are finally discharged, exonerate themselves by surrendering the defendant.' Code [of 1886], § 4429 [Code 1940, Tit. 15, § 209]. Being the jailers of their principal, of his own choosing, the spirit of the obligation of the sureties is, that they will as effectually secure the appearance of the defendant, and put him as much under the power of the court, as if he were in the custody of the law. The recognizance is binding on the distinct obligations, that the principal shall appear at the term of the court designated, to answer the charge against him, to abide the judgment of the court, and that he will not depart and leave the court, until legally discharged. 3 Am. & Eng. Encyc. of Law, (2d Ed.), 710, 714. As a rule sureties on a bail bond can only be discharged from liability by the performance of the conditions of the recognizance entered into by them, unless that becomes impossible by the act of God, or of the law, or of the obligee. 2 Am. & Eng. Encyc. of Law, (2d Ed.), 717.

"When a party is out on bail for one offense, it cannot be allowed that he cannot be arrested by the state for another crime, for the reason that he is in the custody of his bail, on the other criminal charge. Such subsequent arrest and imprisonment thereunder is no discharge of his bail. The writ of *habeas corpus* to bring the prisoner up for trial, or to be surrendered up in discharge of the bail, furnishes an adequate remedy. Ingram v. State, 27 Ala. 17.

"Besides, the fact that the defendant was in jail, as the result of his having been found guilty of murder in the other case against him, offered no obstacle to the sureties to surrender him at any time before he made his escape. And, at the term of the court at which he should have appeared to answer to the other offense, but failed, and a forfeiture was sought therefor against his bail, he was not in the custody of the state,—he had escaped from jail, was at large, and there was nothing to prevent his appearing in accordance with the terms of his bond, nor were his sureties deprived by the state of the privilege of recapturing and surrendering him. In contemplation of law, the moment he escaped, he ran right into the custody of his bail, and they were charged with the responsibility of keeping and producing him at the trial. It is not necessary to presume they aided him to escape, to discharge their obligation, but if they did not, they present no better excuse for discharge from liability, than if they had done so. Their excuse, as made, we are unable to approve. Authorities supra; Allee v. State, 28 Tex. App. 531, 13 S.W. 991; Wheeler v. State, 38 Tex. 173; Tedford v. State, 67 Miss. 363, 7 So. 352; State v. McAllister, 54 N.H. 156; Bishop & Randolph v. State, 16 Ohio St. 419.

"The court below erred in discharging the sureties on said bond, and its judgment is reversed and the cause remanded." State v. Crosby, 114 Ala. 11, 22 So. 110, 111.

■ The repeated readoption of this statute with these interpretations carries with it these interpretations as if written into it. Spooney v. State, 217 Ala. 219, 115 So. 308.

■ The statute making provision for "probation and suspension of * * * sentence", Code of 1940, Tit. 42, § 19 et seq., is a part and parcel of our law, relating to persons convicted of crime and as the quoted title indicates is to ameliorate the harshness of the law's judgment and

give the convict a chance to show that he or she is a fit subject and may be rehabilitated and become an acceptable citizen. These benefits are not the subject of bargain and sale to be conditioned on the payment of costs and fees assessed as an incident to the prosecution and trial and to condition these benefits on the payment of such costs and fees violate the letter and spirit of § 13 of the Constitution of 1901 which provides that "justice shall be administered without sale, denial or delay." Mickle v. State, 21 So. 66; Ex parte Wright, 226 Ala. 206, 146 So. 533. "The clause is known to have been taken in substance from *Magna Charta;* and history shows that the chief purpose was to assail the existing evil of anciently holding courts in clandestine session, and of paying fines to the king and his officers for delaying or expediting law suits, and for obtaining justice." Swann & Billups v. Kidd, 79 Ala. 431, 432; Skinner's Constitution Annotated, p. 117.

The bail bond is a contract obligation by the defendant and his sureties to appear in court to abide its judgments and the amount of costs incurred in the prosecution is not a legitimate basis for a judgment thereon against the sureties. Nor is the fact that the principal of the bond is a fugitive from justice an excuse for rendering a judgment for less than the contract penalty. The statute provides for costs of court in probation proceedings and from what fund they will be paid. Code of 1940, Tit. 42, § 25, Pocket Part p. 226.

We are of opinion that the Court of Appeals did not err in holding that the excuse offered by the defendant's surety did not warrant a reduction of the judgment below the full penalty of the bond. The judgment of the Court of Appeals is due to be affirmed. It is so ordered by the court.

Affirmed.

All the justices concur except GARDNER, C. J., not sitting.