87 So.2d 847

**Ex parte Elkin Gillis HUTCHINSON.**

**4 Div. 854.**

Supreme Court of Alabama.

April 12, 1956.

Rehearing Denied June 14, 1956.

448

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., and Lewey Stephens, Jr., Circuit Sol., Elba, for respondent.

Jos. B. Wiley and Walter B. Byars, Troy, for petitioner.

GOODWYN, Justice.

This is an original petition for mandamus to review the action of the Judge of the

Circuit Court of Pike County in amending nunc pro tunc a judgment against petitioner in a criminal proceeding, revoking probation and ordering petitioner's arrest and detention. We ordered issuance of a rule nisi and the respondent-judge has made answer thereto.

The case made by the pleadings is as follows:

On October 4, 1950, petitioner was indicted by the Grand Jury of Pike County for the offense of burglary in the second degree. On October 2, 1953, petitioner, in open court, entered a plea of guilty to the offense as charged, at which time the trial judge made the following entry on the bench notes, viz.:

"10–2–1953 Defendant pleads guilty as charged. Formally adjudged guilty and sentenced to penitentiary for 13 months. *On application for probation, defendant placed on probation for 2 years and sentence suspended on condition that costs herein are paid.* [Emphasis supplied.]

"James G. Clower
"Special Judge"

Judgment was then entered by the clerk on the minutes of the court as follows:

"The State
VS
Elkin Gillis
Hutchinson

In the Circuit Court
Pike County,
Alabama
Burglary, 2nd
Degree

"This cause coming on to be heard on this day, came Lewey Stephens, Jr., Solicitor, who prosecutes for the State of Alabama, and also came the defendant in his own proper person and said defendant, being duly arraigned upon said indictment, for his plea thereto, says defendant in open Court waives a trial by jury and interposes a plea of guilty thereto. It is thereupon considered by the Court that the defendant is guilty as charged.

"And now upon this the 2nd day of October 1953, Elkin Gillis Hutchinson, the defendant being in open court and being asked by the Court if he had any-thing to say why the Judgment of the Court and the Sentence of the law should not now be pronounced upon him, says nothing. It is considered by the Court and it is the Judgment of the Court that the defendant is guilty as charged in the indictment and it is the sentence of the law that the said defendant, Elkin Gillis Hutchinson, be imprisoned in the Penitentiary of the State of Alabama for a term of 13 months. *Defendant applied for probation. Probation granted and sentence suspended on condition defendant pay all cost.*" [Emphasis supplied.]

On August 15 and 16, 1955, the respondent issued warrants of arrest against petitioner ordering him to show cause, at a hearing set for August 19, 1955, why his probation should not be revoked. Petitioner moved to quash said warrants contending that the judgment of October 2, 1953, in providing for probation without prescribing a definite period therefor, was, in that respect, invalid, and that the sentence was fully executed on the expiration of 13 months after October 2, 1953, which was prior to the issuance of the warrants of arrest. This motion was granted. Thereupon the solicitor filed a motion to amend the judgment nunc pro tunc. After due notice to petitioner, hearing was had on said motion on September 2, 1955. On that date respondent granted the motion and amended the judgment nunc pro tunc so as to provide for probation as follows:

"Defendant applied for probation, defendant placed on probation for two (2) years and sentence suspended on condition that costs herein are paid."

Immediately following the amendment respondent issued new warrants of arrest against petitioner ordering him to show cause, at a hearing set for September 9, 1955, why his probation should not be revoked.

The foregoing facts are taken from the petition filed here, which seeks to have expunged the amended judgment and the warrants issued on September 2, 1955.

Respondent, in his answer, admits these facts as true but takes issue with petitioner's right to the relief sought. It is also averred in the answer that "the true and complete order of probation actually rendered by the court was as set forth and recorded on the date of the order, viz., October 2, 1953, upon the Probation Docket of the court", in which it is provided that the sentence of 13 months "is hereby suspended and that the said defendant is probationed on this date for a period of 2 years."

The answer also contains the following averments:

"* * * that on the date of the said judgment, sentence and order of probation, viz., October 2, 1953, two copies of the said order of probation were delivered by the clerk of the court to H. L. Searcy, Probation Officer of the State of Alabama who delivered one copy thereof to the petitioner and explained to him the terms and conditions thereof and fully instructed the petitioner in what manner he was directed to report to the Probation Officer, all of which was by the petitioner fully understood. And on the date aforesaid, the said Probation Officer endorsed in writing upon the copy of the Order of Probation which was furnished to him by the clerk of the court for the use of his office and which he retained the following notation: 'A copy of this order has been delivered to the probationer, who has been instructed regarding the same. This 2nd day of October, 1953. H. L. Searcy, Probation Officer.' On October 2, 1953, the same day that he entered his plea of guilty to the indictment, petitioner paid all court costs and until August 16, 1955, regularly reported to and submitted to the supervision and control of the Probation Officer."

It is further shown by the answer that the proceedings to revoke petitioner's probation resulted from a report made to respondent by the State Probation Officer on August 13, 1955, that petitioner "had on said date been arrested in Pike County and lodged in the Pike County jail on one warrant charging violation of the prohibition law and one warrant charging reckless driving."

The determinative question presented is whether the nunc pro tunc amendment on September 2, 1955, had the effect of making petitioner subject to a two-year period of probation running from October 2, 1953.

▇▇▇ Code 1940, Tit. 7, § 567, provides that "circuit courts * * * may, at any time within three years after the rendition of final judgment, upon the application of either party, amend any clerical error, mistake in the calculation of interest, or other mistake of the clerk or register, * * * when there is sufficient matter apparent on the record or entries of the court to amend by. * * *" There seems to be no question about this section applying to the amendment of a judgment in a criminal case. Ex parte Brandon, 243 Ala. 610, 612, 11 So.2d 561. And petitioner recognizes the rule that when a judgment is amended nunc pro tunc, the amendment relates back to the time of the entry of the original judgment. Phillips v. State, 162 Ala. 14, 19, 50 So. 194; Yorty v. State, 11 Ala.App. 160, 163, 65 So. 914; 24 C.J.S., Criminal Law, § 1604, p. 135.

▇▇▇ It is further recognized by petitioner that "once a valid probation commences, the probationer's sentence continues in fieri, and that a defendant is not entitled to any credit on his sentence for time served on valid probation." Persall v. State, 31 Ala.App. 309, 16 So.2d 332.

The position taken by petitioner is that no definite probationary period was prescribed in the original judgment of October 2, 1953; that the judgment simply provided that the defendant was granted probation with suspension of sentence; that the attempted probation was invalid; that, in this circumstance, the sentence commenced to run as of October 2, 1953, and was completely satisfied 13 months thereafter, viz., on November 1, 1954; and that the amendment of the judgment on September 2, 1955, could not have any effect on petitioner since he had, prior to that time, fully satisfied his sentence.

Another argument made by petitioner is that the original judgment "in so far as it attempts to grant probation and suspend sentence is likewise invalid on the additional ground that the trial court conditioned the benefits it sought to provide on the payment of court costs", citing in support the case of State v. Esdale, 253 Ala. 550, 552, 45 So.2d 865.

■ We are constrained to hold that the amendment of the judgment related back to the time of the original judgment; that petitioner was on valid probation on September 2, 1955, when the proceedings were taken to revoke his probation; and that respondent did not commit error in the action taken by him.

In support of his contention, petitioner relies on the following cases: Corporate Authorities of Scottsboro v. Johnston, 121 Ala. 397, 25 So. 809; Eddins v. Popwell, 33 Ala. App. 239, 35 So.2d 47, affirmed 250 Ala. 453, 35 So.2d 50; Alexander v. Posey, 32 Ala.App. 494, 27 So.2d 237; Blakely v. State, 28 Ala.App. 574, 190 So. 102; Gardner v. State, 21 Ala.App. 388, 108 So. 635; Blackwell v. State, 19 Ala.App. 553, 99 So. 49; State ex rel. Curtis v. Heflin, 19 Ala. App. 222, 96 So. 459.

■ We have carefully examined these cases and do not consider them apt in the instant proceeding. In the Johnston, Popwell and Posey cases one of the principal elements involved was the lack of authority of the recorder's court to suspend sentence. There was no question involved with respect to amending a judgment nunc pro tunc so as to make it speak the truth. In those three cases there could have been no amendment with respect to the suspension of sentence because the recorder's court was without authority in the first instance to suspend sentence. In the case now before us we have an entirely different situation. The circuit court is given express authority, Code 1940, Tit. 42, §§ 19–26, as amended; Amendment 38, Constitution, to grant probation and we are here dealing simply with a nunc pro tunc amendment of a judgment which could and should have been properly entered by the clerk on the minutes of the court. The bench notes clearly furnished adequate basis for the amendment; and the amendment was made within the statutory period, Code 1940, Tit. 7, § 567, supra.

We see nothing in the other cases bearing directly on the case before us.

■■ We come now to the question concerning the effect of the provision in the judgment conditioning probation on the payment of costs.

The position taken by petitioner is that such condition rendered the probation invalid; that it was the same as if no probation had been granted at all; that being released without probation, the serving of his sentence commenced on the day of sentence and was completed at the end of thirteen months thereafter. As supporting this insistence, petitioner cites the case of State v. Esdale, 253 Ala. 550, 552–553, 45 So.2d 865, 867, supra, where it is said:

"The statute making provision for 'probation and suspension of * * * sentence', Code of 1940, Tit. 42, § 19 et seq., is a part and parcel of our law, relating to persons convicted of crime and as the quoted title indicates is to ameliorate the harshness of the law's judgment and give the convict a chance to show that he or she is a fit subject and may be rehabilitated and become an acceptable citizen. These benefits are not the subject of bargain and sale to be conditioned on the payment of costs and fees assessed as an incident to the prosecution and trial and to condition these benefits on the payment of such costs and fees violate the letter and spirit of § 13 of the Constitution of 1901 which provides that 'justice shall be administered without sale, denial or delay.' Mickle v. State [Ala.], 21 So. 66; Ex parte Wright, 226 Ala. 206, 146 So. 533. * * *"

We see no occasion to discuss this insistence other than to say that if it should be held that the condition as to the payment of costs was beyond the power of the court (which we do not decide; nor do we wish to be understood as reaffirming what was said

in the Esdale case, supra), it would not necessarily follow that the part of the judgment granting probation was wholly vitiated by including such condition in the judgment. Assuming the condition to be invalid, there seems no good reason why the remaining part of the judgment granting probation should not be valid and operative. "It is generally held that the fact that a judgment is void in part will not invalidate a separable remainder of the judgment." 49 C.J.S., Judgments, § 450, p. 881; Avery Freight Lines v. Persons, 250 Ala. 40, 46, 32 So.2d 886.

Respondent insists that petitioner is not in a position to now complain since the granting of probation was at petitioner's request, and for the further reason that petitioner has paid the costs. We pretermit discussion of these points as being unnecessary to a decision.

Writ denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.