439 So.2d 725 (1983)
Herbert L. CRUTCHER
v.
STATE.
8 Div. 785.
Court of Criminal Appeals of Alabama.
March 29, 1983.
Rehearing Denied July 5, 1983.
Certiorari Denied October 28, 1983.
*726 James M. Gaines of Smith, Gaines, Gaines & Sabatini, Huntsville, for appellant.
Charles A. Graddick, Atty. Gen., and Jennifer M. Mullins, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 82-993.
BOWEN, Judge.
Crutcher appeals the denial of a petition for writ of error coram nobis. The petition alleges and the stipulated facts show that Crutcher's suspended sentence was revoked and he was ordered imprisoned for thirty days when he failed to pay the $200 fine and court costs of $35.50 assessed against him when he pled guilty to driving under the influence.
Two days after he was imprisoned Crutcher filed an "affidavit of indigency." The next day (September 2) he filed a petition for writ of habeas corpus. After a hearing wherein the facts were stipulated, including the fact of Crutcher's indigency, the trial judge denied the petition because Crutcher "did not properly raise the issue of indigency in the Court where the sentence ensued and it was post-judgment that that issue was formally filed with the Court."
It is clear as a matter of constitutional law that an indigent defendant cannot be required to serve jail time for nonpayment of fine and costs. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Lingle v. State, 51 Ala.App. 210, 283 So.2d 660 (1973); Smith v. State, 51 Ala. App. 212, 283 So.2d 662 (1973). "To imprison an indigent when in the same circumstances an individual of financial means would remain free constitutes a denial of equal protection of the laws." Barnett v. Hopper, 548 F.2d 550, 554 (5th Cir.1977). This is not a case of a defendant who, though capable of paying a fine, refuses or neglects to do so.
Although Section 15-22-52, Alabama Code 1975, states that payment of fine and costs may be made a condition of suspension of sentence or probation, in State v. Esdale, 253 Ala. 550, 45 So.2d 865 (1950), our Supreme Court indicated that such a condition was contrary to our constitution.
"These benefits (probation and suspension of sentence) are not the subject of bargain and sale to be conditioned on the payment of costs and fees assessed as an incident to the prosecution and trial and to condition these benefits on the payment of such costs and fees violate the letter and spirit of Section 13 of the Constitution of 1901 which provides that `justice shall be administered without sale, denial or delay.'"

Esdale, 253 Ala. at 553, 45 So.2d 865.
In Ex parte Hutchinson, 264 Ala. 447, 451-52, 87 So.2d 847 (1956), our Supreme Court "assumed" invalid a provision in a judgment conditioning probation on the payment of costs but noted that it did not "wish to be understood as reaffirming what was said in the Esdale case."
The principles announced in Tate and Barnett make it clear that a court cannot order payment of a fine and costs as a condition of suspending sentence where the convicted person is unable to pay because of his indigency and there is no likelihood that his indigency will end. See also Fuller v. Oregon, 417 U.S. 40, 55, 94 S.Ct. 2116, 2125, 40 L.Ed.2d 642 (1974).
We find the Attorney General's argument that habeas corpus is not the proper remedy is without merit. "Clearly habeas corpus is the appropriate remedy to examine the term of a sentence set within lawful limits." Carter v. State, 339 So.2d 594, 595, 596 (Ala.Cr.App.1976). Here, it appears that Crutcher may be entitled to a discharge "by means of some subsequent act, omission or event." Alabama Code Section 15-21-24(2) (1975).
We decline to follow the holding in Gatlin v. City of Andalusia, 342 So.2d 37 (Ala.Cr. App.1977), which involved a direct appeal wherein this Court refused to reverse the imposition of a jail sentence for nonpayment of a fine and costs upon the appellant's claim of indigency where no finding *727 of indigency was made until after conviction and sentence.
The judgment of the circuit court denying Crutcher's petition for writ of habeas corpus is reversed and this cause is remanded for action consistent with this opinion.
REVERSED AND REMANDED.
DeCARLO, P.J., and TYSON and HARRIS, JJ., concur.

ON REHEARING
BOWEN, Presiding Judge.
The Supreme Court resolved the issue of when the probation of an indigent may be revoked for his failure to pay a fine in Bearden v. Georgia, ___ U.S. ___, 103 S.Ct. 2064, 76 L.Ed.2d 221 (U.S., 1983).
"We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine."
Here, the trial judge did not even consider Crutcher's indigency because the issue was not "properly raised".
The application for rehearing is overruled. The judgment of the circuit court is reversed and the cause is remanded for a new sentencing determination.
OPINION EXTENDED;
APPLICATION FOR REHEARING OVERRULED;
REVERSED AND REMANDED FOR NEW SENTENCING DETERMINATION.
All Judges concur.